# Richmond.

## ANDERSON v. COMMONWEALTH.

### December 4, 1902.

1. CRIMINAL LAW—*When Bill of Exception Filed—Record—Verity.*—Where a bill of exception in a criminal case appears on its face to be made a part of the record, and the clerk certifies it as such, and sentence was pronounced on the prisoner at the same term at which he was convicted, this court will not presume that the bill of exception was filed after the adjournment of the term, although the record shows that the prisoner was allowed thirty days in which to tender his bill of exception. The record, not showing any irregularity, is to be taken as importing absolute verity, and presumptions of irregularity will not be indulged.

2. CRIMINAL LAW—*Evidence—Attempt to Escape.*—Evidence of an attempt to escape may be considered by the jury along with other facts and circumstances tending to establish the guilt of an accused. The nearer the attempt is to the time of the commission of the offence the more weight it will be entitled to, but the circumstance should be cautiously considered, as it may be attributable to a number of other reasons than consciousness of guilt.

3. CRIMINAL LAW—*Venue—Burden of Proof—Judicial Notice.*—All crimes are local, and are to be tried in the court having jurisdiction of the locality where they are committed. The burden on the Commonwealth to prove that the offence was committed within the jurisdiction of the trial court is just as great as it is to prove the commission of the offence itself. The court will not take judicial notice of the fact that a particular locality or an unincorporated hamlet is in a particular county.

Error to a judgment of the Circuit Court of Campbell county, rendered March 22, 1902, affirming the judgment of the County

Court of said county, rendered December 10, 1901, whereby the plaintiff in error was sentenced to the penitentiary for a period of eight years on a conviction of murder of the second degree.

*Reversed.*

On the hearing of this case in the Circuit Court, on a writ of error awarded to the County Court, a bill of exception was taken to the action of the Circuit judge in directing a certificate of the clerk of the County Court to be filed before him showing when the bills of exception taken in the County Court were filed. This bill of exception is as follows:

"Be it remembered, that on the hearing of this cause on the record as made up in the County Court, which is hereby made a part of this bill of exceptions as is fully set out herein, and on the petition of the plaintiff in error, praying that the judgment of the County Court be set aside and a new trial awarded, the court, in delivering its opinion overruling the said prayer of the plaintiff in error, and refusing to grant him a new trial, of its own motion ordered a certificate of S. C. Goggin, the clerk of the County Court of Campbell county, stating at what time the bills of exception in this cause were first received in this office, filed and made a part of the record in this case, which was accordingly done; and counsel for the plaintiff in error first saw and heard of said certificate after it was so filed and made a part of the record, having theretofore had no notice or suggestion that anything had been or would be considered on said hearing except the record as made up in the County Court, and filed with said petition; and thereupon the plaintiff in error excepted to this said opinion and action of the court in so introducing and filing said certificate, and this his bill of exceptions tenders and prays that the same may be signed, sealed and saved to him; and made a part of the record in this case; and the same is accordingly done."

*Howell C. Featherstone* and *A. S. Hester*, for the plaintiff in error.

*Attorney-General William A. Anderson*, for the Commonwealth.

CARDWELL, J., delivered the opinion of the court.

This is a writ of error to a judgment of the Circuit Court of Campbell county affirming the judgment of the County Court of that county, sentencing plaintiff in error to the penitentiary for a term of eight years for murder.

It is argued on behalf of the Commonwealth that the bills of exception taken by plaintiff in error at his trial are not properly a part of the record here, because not tendered and signed during the term at which he was tried.

All that can be alleged in support of this contention is that the record shows that the defendant (plaintiff in error) was allowed thirty days in which to tender his bill of exception, and that he was sentenced at the same term, but that he took the thirty days or any part thereof nowhere appears. On the contrary, it appears from each bill of exception, under the signature and seal of the presiding judge, that it is "made a part of the record," and the clerk certifies the whole, including the bills of exception, as the record of the proceedings at the trial.

Nothing affimatively appearing in the record to show irregularity in the proceedings, it is to be taken as importing absolute verity, and presumptions of irregularity are not permitted. *Gilligan's Case*, 99 Va. 822; *Reed's Case*, 98 Va. 817; *Dove's Case*, 82 Va. 301.

Of the assignments of error, two of them only require our consideration, as the others are not likely to arise upon another trial of the cause.

Exception is taken to the ruling of the trial court permitting the introduction of evidence showing that plaintiff in error, six

weeks after the homicide with which he is charged, and twelve days before the term of the court at which he was tried began, attempted to break jail and escape.

This ruling is not erroneous. When a suspected person attempts to escape or evade a threatened prosecution, it may be argued that he does so from consciousness of guilt; and though the inference is by no means strong enough by itself to warrant a conviction, yet it may become one of a series of circumstances from which guilt may be inferred. An attempt to escape or evade prosecution is not to be regarded as a part of the *res gestæ*, but only as a circumstance to be considered by the jury along with the other facts and circumstances tending to establish the guilt of the accused. The nearer, however, to the commission of the crime committed, the more cogent would be the circumstance that the suspected person attempted to escape, or to evade prosecution, but it should be cautiously considered, because it may be attributable to a number of other reasons, than consciousness of guilt. Wharton's Crim. Ev., secs. 750-51.

The remaining assignment of error is the refusal of the court to set aside the verdict on the ground that it is contrary to the law and the evidence.

The indictment charges that the murder, for which the plaintiff in error was tried and convicted, took place in the county of Campbell, but there is not the slightest proof in the record that such is a fact. The only proof as to the location of the crime is that it took place at "Anderson's Store," about a quarter of a mile or more from "Lynch's" or "Lynch's Station," but neither "Lynch's Station" nor "Anderson's Store" is shown to be located in Campbell county.

It is contended, however, that the court should take judicial notice that "Lynch's Station" is in Campbell county, and deduce from that fact that "Anderson's Store" is also in that county.

"When a crime is committed in an incorporated town, the court will notice in what county the town is situated." *State* v.

*Reader*, 60 Iowa, 527. It was, therefore, held in *Sullivan* v. *People*, 122 Ills. 385, 13 N. E. 248, that proof that a crime was committed in Chicago is proof that it was committed in Cook county, judicial notice being taken that Chicago is in Cook county. But courts will not take judicial notice that a particular locality is within a county; nor of the local situation and distances in a county. Note to *Oliver* v. *State of Alabama*, 4 L. R. A. 33, and authorities cited.

We have been cited no authority, and we have been unable to find any, for taking judicial cognizance of the fact that a point a given distance from Lynch's Station, an unincorporated hamlet or village, is in the county of Campbell.

All crimes are local, and must be tried in the court which has jurisdiction over the locality where they are committed. The burden is just as great on the Commonwealth to prove that the offence was committed within the jurisdiction of the trial court as it is to prove the commission of the offence itself. *Fitch's Case*, 92 Va. 824, and authorities cited; also *Butler's Case*, 81 Va. 163; and *Savage's Case*, 84 Va. 585.

There being no proof in this case of the jurisdiction of the County Court of Campbell to try it, the Circuit Court erred in affirming the judgment of the County Court; therefore, its judgment must be reversed and annulled, the verdict of the jury set aside, and a new trial awarded.

*Reversed.*