# Staunton.

## STARLING DUTY *v.* COMMONWEALTH.

### September 20, 1923.

1. INTOXICATING LIQUORS—*Circumstantial Evidence—Evidence Sufficient to Support Verdict of Guilty.*—In the instant case a prosecution for unlawful manufacture, the sheriff and his deputy testified that they approached a cabin in the woods; that they saw accused come around the house towards them with a shotgun on his shoulder, and upon command to stop, he threw down his gun and ran. Another man was seen to run away from the cabin. These were the only persons seen to leave the cabin. The officers entered the cabin and found there a still in operation, but found no person in the house.

   *Held:* That the evidence, though wholly circumstantial, was sufficient to support a verdict of guilty. It warranted the inference that accused was either one of the persons inside the cabin, presumably engaged in operating the still, when the officers approached, or was on guard outside.

2. INTOXICATING LIQUORS—*Instructions—Operating of Still—Presence.*—On a trial for violating the prohibition act, defendant asked the court to instruct the jury that the burden was on the Commonwealth to prove beyond a reasonable doubt that the defendant operated or assisted in the operation of the still referred to in the evidence, and that the mere presence of the defendant at the still was not sufficient. The case was not one of the mere presence of the accused at the still. There were the added circumstances of voices heard in the cabin, followed by the appearance of the accused coming around the outside of the house with a gun on his shoulder; the fact that only two persons were seen to leave the cabin, one of whom was the accused, and the similar manner in which both left, namely, in flight.

   *Held:* That the instruction as asked was erroneous, in that it would have taken from the jury all consideration of such added circumstances.

3. INTOXICATING LIQUORS—*Instructions—Operation of Still—Presence.*—On a trial for violation of the prohibition act an instruction that the burden was on the Commonwealth to prove that defendant operated or assisted in the operation of the still referred to in the evidence, but his mere presence at the still might be considered by the jury in

connection with all the facts and circumstances shown in the case, was correct.

4. CRIMINAL LAW—*Evidence—Flight—Evasion of Arrest.*—When a suspected person attempts to escape or evade a threatened prosecution, though the inference of his guilt is by no means strong enough by itself to warrant a conviction, yet it may become one of a series of circumstances from which guilt may be inferred. An instruction, therefore, that, in substance, announced that an attempt to evade arrest by flight was no evidence whatever of guilt, under any circumstances, would be erroneous.

Error to a judgment of the Circuit Court of Russell county.

*Affirmed.*

The indictment charges, among other things, that the accused, Starling Duty, "did unlawfully manufacture * * and aid in procuring ardent spirits."

The verdict found the accused guilty as charged in the indictment, and fixed his punishment at $50.00 fine and four months' confinement in the county jail. The judgment under review was entered accordingly.

The evidence consisted of the testimony of the sheriff and his deputy, witnesses for the Commonwealth. The accused introduced no evidence.

The testimony for the Commonwealth was, in substance, as follows:

The officers, on approaching a cabin, located in a cleared space, with woods surrounding the open space, heard talking inside the cabin, and, looking through cracks in the house, saw persons moving about inside the house, whom, however, they did not recognize. When the officers were within fifteen or twenty yards of the cabin, they saw the accused come around the house towards them with a shotgun on his shoulder. The officers commanded the accused to stop, whereupon he said nothing, but threw down his gun and ran. The officers chased the accused a short distance into the

woods, but were unable to overtake him and he made his escape at that time.    One of the officers saw another man run away from the cabin, whom he did not recognize, and ran after him but failed to catch him.    The latter and the accused were the only persons the officers saw leave the cabin.    Immediately after the unsuccessful chase of the accused and the other runaway the officers entered the cabin and found therein a still in operation, fire under it, and two or three barrels of beer and mash and some "singlings," but found no person in the house. The accused was later arrested and put upon his trial.

The court refused to give the following instructions requested by the accused as asked, namely:

"Instruction No. 3.

"The court instructs the jury that the burden is on the Commonwealth to prove beyond every reasonable doubt that the defendant, Starling Duty, operated or assisted in the operation of the still referred to in the evidence in this case in the manufacture of whiskey, and unless the Commonwealth has so proven this they will find the defendant not guilty.    And in this connection the court further tells the jury that the mere presence of the defendant at the still is not sufficient.

"Instruction No. 4.

"The court instructs the jury that the fact that the defendant ran when approached by the officer is no evidence of his guilt, but only a circumstance, and should be cautiously considered as it may be caused by a number of other things besides the defendant's guilt."

But modified such instructions and gave them as follows:

"Instruction No. 5.

"The court instructs the jury that the burden is on the Commonwealth to prove beyond every reasonable. doubt that the defendant, Starling Duty, operated or assisted in the operation of the still referred to in the evidence in this case in the manufacture of whiskey, and unless the Commonwealth has so proven this they will find the defendant not guilty, but his presence at the still may be considered by the jury in connection with all the facts and circumstances shown in the case."

"Instruction No. 6.

"The court instructs the jury that the fact that the defendant ran when approached by the officer is only a circumstance and should be cautiously considered by the jury together with all the facts and circumstances shown in the case."

*Joseph E. Duff* and *Finney & Wilson*, for the appellant.

*John R. Saunders*, Attorney-General, *J. D. Hank, Jr.*, Assistant Attorney-General, and *Leon M. Bazile*, Second Assistant Attorney-General, for the Commonwealth.

Sims, J., after making the foregoing statement, delivered the following opinion of the court:

There are only three questions presented for our decision by the assignments of error, which will be disposed of in their order as stated below.

[1] 1. Was there sufficient evidence to support the . verdict in finding that the accused operated or assisted in the operation of the still?

This question must be answered in the affirmative.

The evidence upon the subject under consideration is wholly circumstantial, it is true. The officers testified that they did not recognize the accused as one of the persons they saw inside the house, and could not say that he was ever inside the house. However, it is obvious that the circumstantial evidence warranted the jury in drawing the inference that the accused was either one of the persons who was inside the cabin, presumably engaged in operating the still when the officers first approached, or was on guard outside while others were operating the still within the cabin, and was thus assisting in the operation of the still. In either case he was guilty as charged in the indictment and as found by the verdict.

[2] 2. Did the court err in refusing to give instruction No. 3 as asked?

The question must be answered in the negative.

This was not a case of the "*mere* presence of the defendant at the still." There were the added circumstances of voices heard in the cabin, followed by the appearance of the accused coming around the outside of the house with a gun on his shoulder; the fact that only two persons were seen to leave the cabin, one of whom was the accused, and the similar manner in which both left, namely in flight; which circumstances warranted the inference, and the only reasonable inference to be drawn therefrom, that the accused either was one of the persons inside the house engaged in operating the still, or was on guard outside, and thus assisted in the operation of the still. Therefore, the instruction as asked was erroneous, in that it would, if given, have taken from the jury all consideration of such added circumstances, and have forbidden the jury to draw any inferences whatever therefrom.

[3] We think that instruction No. 5 given by the court in lieu of instruction No. 3 aforesaid, correctly instructed the jury on the point.

[4] 3. Did the court err in refusing to give instruction No. 4 as asked?

The question must be answered in the negative.

This instruction contains an erroneous statement of the law, in that, in substance, it announces that the attempt to evade arrest by flight is no evidence whatever of guilt, under any circumstances. The correct doctrine on the subject is stated in *Anderson's Case*, 100 Va. 860, 863, 42 S. E. 865, cited with approval in *Jenkins' Case*, 132 Va. 692, 696, 111 S. E. 101, 103, as follows: "When a suspected person attempts to escape or evade a threatened prosecution   *   *   though the inference" (of his guilt) "is by no means strong enough by itself to warrant a conviction, yet it may become one of a series of circumstances from which guilt may be inferred. An attempt to escape or evade prosecution is not to be regarded as a part of the *res gestae*, but only as a circumstance to be considered by the jury along with other facts and circumstances tending to establish the guilt of the accused. The nearer, however, the commission of the crime committed, the more cogent would be the circumstance that the suspected person attempted to escape or evade prosecution; but it should be cautiously considered, because it may be attributed to a number of other reasons than consciousness of guilt." Citing Wharton's Cr. Ev., sections 750, 751. See also *Williams' Case*, 85 Va. 607, 613, 8 S. E. 470.

The instruction in question is not in accord with the holding of the cases just cited. Instruction No. 6, given by the court in lieu of the instruction in question, is, as far as it goes, in accord with such holding.

The case will be affirmed.

*Affirmed.*