# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

POSEY H. FAREWELL *v.* COMMONWEALTH OF VIRGINIA.

January 14, 1937.

Present, All the Justices.

The opinion states the case.

*W. B. Snidow* and *Walker Williams*, for the plaintiff in error.

*Abram P. Staples, Attorney-General,* and *D. Gardiner*

*Tyler, Jr., Assistant Attorney-General,* for the Commonwealth.

SPRATLEY, J., delivered the opinion of the court.

Posey H. Farewell was indicted at the November term, 1935, by a grand jury in the Circuit Court of Tazewell county, for the violation of section 4538 of the Code of Virginia, alleging bigamy. After an amendment to the indictment by the trial court, he was, at the February term, 1936, tried and convicted by a jury and sentenced to serve three years in the State penitentiary.

The indictment upon which he was tried and convicted, alleged that "Posey Henry Ferrell, alias P. H. Farwell, alias Posie H. Farewell heretofore, to-wit: on the —— day of ——, 1932, in the county of Sullivan, in the State of Tennessee, did marry and have for his wife, one, Katherine V. Jornell, and afterward, while he, the said Posey Henry Ferrell, alias P. H. Farwell, alias Posie H. Farewell, was so married to the said Katherine V. Jornell, did, on the —— day of February, 1935, in Tazewell county, Virginia, feloniously and unlawfully marry and take to wife, one, Edna Cordle, the said Katherine V. Jornell being still alive, against the peace and dignity of the Commonwealth of Virginia."

The indictment, as returned by the grand jury, did not contain the words "in Tazewell county, Virginia" after the words "—— day of February, 1935." Upon the calling of the case for trial, the Commonwealth, by its attorney, moved the court to allow the indictment to be amended by inserting the words, "in Tazewell county," in the place indicated. The amendment was allowed over the objection of the accused, and the case proceeded to trial upon the amended indictment.

The accused entered a formal plea of not guilty. None of the evidence is incorporated in the record, but there is no contention that the evidence did not fully support the allegations of the amended indictment. The accused does

not claim that he was taken by surprise or that he asked for and was denied a continuance.

The question raised by the accused is solely one of law. His only assignment of error is based upon the action of the trial court in making the above amendment to the indictment before he pleaded thereto.

The accused contends that since bigamy is a statutory offense one of the essential elements of that offense is that the second or bigamous marriage must be entered into in this State, or that, if entered into outside of this State, cohabitation must be had in this State; that, therefore, the omission of an allegation from the indictment returned by the grand jury, either that the second marriage was entered into in this State, or that cohabitation after the second marriage took place in this State, renders the indictment fatally defective; and that the amendment made by the trial court made an indictment out of one which charged no offense at all.

Bigamy was not punishable at common law, but was regarded as an offense of ecclesiastical cognizance. It was, however, during the reign of Edward 1 of England, recognized as a statutory offense, and is so carried into the Virginia statutes.

We find bigamy defined as follows:

"The state of a man who has two wives, or of a woman who has two husbands, living at the same time." First Bouvier's Law Dictionary, Rawle's 3d Rev., page 343.

"Bigamy is committed when a person who is already legally married, marries another person during the life of his wife, or her husband, * * *." 2 Brill, Cyc. Crim. Law, section 1125, page 1748.

"The act of ceremoniously marrying one person when already legally married to another." Webster's International Dictionary (2d. Ed.) Unabridged.

From these definitions and from like definitions given by the courts in numerous cases, it will be seen that the essential of the offense consists of a second marriage of a person who already has a living consort. The overt act

is entering into the second marriage. Bigamy is committed whenever and wherever such second marriage is performed. Where and how a person may be punished, either for entering into, or for continuing to engage in the unlawful relation, is a matter dependent upon the statutes of the State having jurisdiction over the offending person.

Virginia Code 1936, section 4538, provides as follows:

"*Person marrying, when former husband or wife is living; how punished.*—If any person, being married, shall during the life of the former husband or wife, marry another person in this State, or if the marriage with such other person take place out of this State, shall thereafter cohabit with such other person in this State, he shall be confined in the penitentiary not less than three nor more than eight years." ∘

The statute gives a complete definition of bigamy. Inasmuch as it is essential that the second marriage be entered into, it is possible that the two marriages may take place in different States. The statute recognizes this situation, and the unlawful nature of the second marriage wherever performed. In order to prevent its performance, or continuance of such unlawful relation in Virginia, it provides the same measure of punishment where the second marriage takes place out of this State, and the bigamous person cohabits in this State with the second consort, that it does when the second marriage takes place within this State.

Either the second unlawful marriage, or the cohabitation after the second unlawful marriage has been entered into out of this State, must take place within this State to give our courts jurisdiction. Neither the place of marriage, nor the place of cohabitation, is an element of the nature or character of the crime. The venue is the element of territorial jurisdiction as in all criminal cases. Every crime to be punished in Virginia must be committed in Virginia.

So murder, rape or robbery must be committed within the confines of this State to give jurisdiction to its courts. Yet, surely, it cannot be claimed that an allegation in the indictment that such a crime has been committed in Virginia

is any essential of the offense, or has any relation to the nature and character thereof.

In the case before us, the indictment returned by the grand jury fully charged bigamy; that is, the entering into of the second unlawful marriage while the accused had a lawful wife still living. The indictment merely omitted to state where the second unlawful marriage took place; but contained the usual phrase "against the peace and dignity of the Commonwealth of Virginia." The mere offense of entering into the second marriage would not be against the peace and dignity of Virginia unless it took place in Virginia. It would be bigamy, however, wherever committed, just as murder is murder if committed in another State. The allegation of the place where the offense is alleged to have been committed furnishes the venue.

It is true that it was necessary in Virginia at one time for records in criminal cases to include evidence of venue. *Anderson* v. *Commonwealth*, 100 Va. 860, 42 S. E. 865. However, since this court has adopted Rule XXII, the question of venue cannot be raised for the first time in this court. Proof of venue, therefore, is not regarded as material, so far as the merits of the prosecution are concerned, and so the allegation of venue is not a part of the crime. An amendment to the indictment laying the venue does not change the nature of the offense.

Carrying out the policy of this State to have criminal cases tried on their merits, and in order to avoid a delay and miscarriage of justice on account of formal or technical defects often appearing in indictments, sections 4876, 4877, 4878, and 4879 of the Virginia Code 1936, were enacted in 1919, and some liberal changes made in section 4875. The cases cited by the plaintiff in error, which were decided before the enactment of these statutes, or in which the indictments were defective and no amendments were made, or were permissible, are not in point here, save to prove the advisability and necessity of the present statutes.

Virginia Code 1936, section 4877, with which we are directly concerned here, is as follows:

"At any time before the defendant pleads, a defective indictment for treason or felony may be amended by the court before which the trial is had that does not change the character of the offense charged. After such amendment has been made, the defendant shall be arraigned on the indictment as amended, and the trial shall proceed as if no amendment had been made; but if such amendment operates as a surprise to the defendant, he shall be entitled, upon request, to a continuance of the case."

At the end of this section (4877) is found the comment of Judge Martin P. Burks, one of the Revisors of the Code of 1919 (5 Va. Law Reg. [N. S.] 97, 104):

"It has been the policy of the state to have criminal cases as well as civil cases tried on their merits, and as far as possible to ignore more formal defects. This is well illustrated by the powers given the court of appeals in misdemeanor cases. The revisors adopted the same policy with reference to all crimes as far as objections apply only to technical difficulties, and liberal provisions are made for amendment of indictments or presentments for misdemeanor *and* indictments for treason or felony, both before and after the defendant pleads. The amendments permitted by the sections do not go to the extent of allowing the court to prefer an entirely different charge, but they do allow the court to make such changes as may be deemed technical, and other changes arising out of variance between the allegations and the proof, or which would result in mere delay without substantial benefit to the accused. If the amendment or alteration does not change the nature of the offense charged, there would appear to be no good reason why it may not be made."

Attention is directed to Code 1936, section 4875, amended in 1919, listing a number of defects of no consequence. In the instances there listed, it is provided that the failure to make an amendment to the indictment shall not be sufficient error to vitiate it. But the legislature, in its wisdom, has seen fit to go much further, as shown in the enactment of sections 4876-4878 inclusive. Authority is given to amend

indictments for misdemeanors before judgment is entered, and to amend indictments for treason or felony before the defendant pleads or for defects of form, or for variance between the allegations of the indictment and the evidence, provided such amendments do not change the nature of the offense charged. It clearly seems to be the legislative intent to empower the trial courts to make amendments to defective indictments when the defects are much greater, and might be more fatal than those listed as inconsequential and without need of amendment in section 4875. Certainly, there would be no need to provide this additional power to the trial courts unless defects more vital and more serious than those mentioned in section 4875 were intended to be permitted to be corrected by amendment before, or during trial.

In the case of *Puckett* v. *Commonwealth*, 134 Va. 574, 113 S. E. 853, 856, decided in 1922, this court said:

"It is, of course, still true that where time is of the essence of the offense, the time must be alleged in the indictment, if the accused demands it before he pleads; but, under the aforesaid recent statute (section 4877), this may be done by amendment of the indictment by the court."

In *Kelley* v. *Commonwealth*, 140 Va. 522, 125 S. E. 437, 439, decided in 1924, it appears that the original indictment charged the violation of one section of the prohibition law, and the court permitted an amendment which charged the violation of another section. Said this court:

"The original indictment was 'defective' if it charged that the prior conviction was of a different offense from that for which such conviction was in fact had. This defect might, under the statute just quoted (4877), be cured by amendments, if they did not change the character of the offense charged."

. In *Webster* v. *Commonwealth*, 141 Va. 589, 594, 127 S. E. 377, 378, decided in 1925, where an amendment was allowed to a bill of particulars after a part of the evidence had been introduced, Burks, J., speaking for the court, said:

"The policy of the law is to allow amendments which tend

to the furtherance of justice where they do not seriously prejudice the rights of the accused. Even [amendments to] indictments which do not change the nature of the case may be amended [made] at the bar under sections 4876, 4877, and 4878 of the Code."

In *Flanary* v. *Commonwealth*, 133 Va. 665, 112 S. E. 604, decided in 1922, where the indictment failed to allege a date in a misdemeanor offense, an essential of that offense, Burks, J., speaking for the court, said:

"Technically, the indictment should have alleged the commission of the offense within twelve months prior to the finding of the indictment, and the failure to make such allegation was fatal to the indictment, independently of statute; but section 4879 was intended to meet such cases, and to require persons charged with crimes to assert their rights and to make their defenses before verdict, and thereafter to cut off all defenses not made before verdict unless prohibited by the Constitution."

In the above case there was no objection to the indictment until after a verdict of conviction, which was supported by the testimony. The court held that the language of the indictment was sufficient to enable the court to give judgment thereon "according to the very right of the case," and that, "The indictment accurately charged him with the offense in every particular except as to the date of the commission of the offense. If this objection had been raised, it could have been corrected at the bar by the prosecuting attorney on mere motion," under Code, section 4876. There is slight difference between Code, sections 4876 and 4877, except that the former provides for amendment for misdemeanors and the latter for felonies.

We think that the language of Campbell, J., now Chief Justice, in the case of *Sullivan* v. *Commonwealth*, 157 Va. 867, 161 S. E. 297, 300, decided in 1931, is peculiarly applicable here. There an amendment to the indictment was permitted, which authorized a greater punishment than that for the offense charged in the original indictment, the nature of the offense being held to be the same, and it was said:

"That statute (4878) is remedial, and in accordance with the accepted rule should be construed liberally to correct the evil at which it is directed, and to promote the remedy thereby provided. The legislative intent is to simplify criminal procedure. A narrow construction of the statute (4878) would defeat its wise purpose. We are in full accord with that purpose.

"The manifest purpose of this statute is to allow amendments which avoid unnecessary delays and further the ends of justice without prejudice to the substantial right of the accused to be informed of the accusation, and to one fair trial on the merits."

It seems clear to us that the very purpose of section 4877 is to permit the court to amend defective indictments, including such indictments as would be fatally defective if objected to at the proper time and an amendment not made. Since the amendments are required to be made before the defendant pleads, it is a recognition that the failure to make the amendment, after proper objection, may be fatal to the Commonwealth for proceeding to trial upon a defective indictment.

It is conclusive, therefore, that indictments containing defects which may be fatal and not merely trivial may be amended provided the amendment does not change the character of the offense. The legislative intent is clearly to empower the courts to make amendments when the defects are much greater than those listed as inconsequential in Code, section 4875.

The accused also contends that by allowing the amendment, "the court made an indictment out of something which charged no offense at all," and relies upon Code, section 4866, which provides that " * * * no person shall be put upon trial for any felony, unless an indictment shall have been found by a grand jury in a court of competent jurisdiction."

The Constitution of Virginia does not mention the grand jury. There is nothing in the Constitution to prevent the legislature from enacting a statute providing for the use of presentments or information in felony cases.

The Constitution provides in Article 1, section 8, as follows:

"That in criminal prosecutions a man hath a right to demand the cause and nature of his accusation, to be confronted with the accusers and witnesses, to call for evidence in his favor, and to a speedy trial by an impartial jury of his vicinage, * * * ."

█ ▬ It will be observed that section 4866 is found in the Code of 1887, whereas section 4877 was enacted in 1919. In view of the more recent law, the term "indictment" in section 4866 means and includes an indictment which has been properly amended by the court. An amendment under section 4877, setting out more definitely and specifically, either the cause and nature of the charge, or the date, or the place of the offense, satisfies the constitutional provision, giving to the accused in criminal prosecutions "the right to demand the cause and nature of his accusation." The amendment is but a stage in the procedure taking place before trial. *Puckett* v. *Commonwealth, supra,* 134 Va. 574, at page 585, 113 S. E. 853.

So, in *Flanary* v. *Commonwealth, supra,* it is held:

"The Constitution gives to the accused the right to demand the cause and nature of his accusation, and this right cannot be taken away from him, but there is no inhibition on the legislature to fix a stage of the procedure beyond which he cannot go in the assertion of his constitutional right."

It seems to us, therefore, that it plainly appears from the record that the accused has had a fair trial on the merits, with full notice of the cause and nature of his accusation, and ample opportunity to make his defense, and has received a verdict and judgment of substantial justice.

We are of opinion to affirm the judgment of the trial court.

*Affirmed.*