# Richmond

## PAUL RANDALL AND FLOYD DANDRIDGE V. COMMONWEALTH OF VIRGINIA.

October 9, 1944.

Record No. 2854.

Present, All the Justices.

The opinion states the case.

*Frank A. Kearney* and *A. W. E. Bassette, Jr.,* for the plaintiffs in error.

*Abram P. Staples, Attorney General,* and *V. P. Randolph, Jr., Assistant Attorney General,* for the Commonwealth.

Holt, J., delivered the opinion of the court.

At the October term of the Circuit Court of York county a grand jury returned this indictment:

"That William A. Thomas, Paul Randall and Floyd Dandridge did, in the nighttime, on the 7th day of August, 1943, in the said county of York, unlawfully, feloniously, and maliciously, strike and beat on the head and about the body, with a blunt instrument, one C. T. Davis and him the said C. T. Davis, did rob, steal, take and carry away from the person of the said C. T. Davis, the sum of three hundred dollars ($300.00) in United States currency and checks, the property of said C. T. Davis against his will and with intent to deprive him of his ownership therein, against the peace and dignity of the Commonwealth.

"Upon the evidence of A. S. White, R. B. Curtis, A. A. Anderson, Leroy Woody and C. T. Davis."

Afterwards, and in October of that year, the Circuit Court of said county made this disposition of those indicted:

"Upon a plea of guilty by accused William A. Thomas and a plea of not guilty by the accused, Paul Randall and Floyd Dandridge, and the accused and the Commonwealth, with consent of court, waived a trial by jury.

"The court after hearing the evidence finds all three of the accused guilty as charged in the within indictment and fixes their punishment at confinement in the State Penitentiary for fifteen years each. Oct. 22, 1943, Frank Armistead, Judge."

"Be it remembered upon the trial of this cause, and after the defendants had pleaded not guilty and the defendants with the consent of the Commonwealth Attorney, had agreed to submit all matters of fact to the court, without a jury, and after the Commonwealth had introduced as witnesses

C. T. Davis, Sheriff A. A. Anderson of Elizabeth City county; Sheriff A. S. White of York county; and Mrs. C. T. Davis, the Commonwealth announced that it rested.

"Whereupon the defendants, by counsel, moved the court to strike the evidence of the Commonwealth for the reason that the Commonwealth had failed to show that the offense charged against the defendants had occurred in York county.

"Whereupon the court stated that he would take judicial cognizance of the fact that the half way house, where Mr. Davis' store was, was in York county and would also take judicial cognizance that Mr. Davis' residence was in York county.

"To the action of the court in overruling the motion of the defendants to strike the evidence as insufficient to sustain a conviction for the reason that there was no evidence to show that the crime alleged had taken place in York county, the defendant, by counsel, excepted and tender this bill of exception, which they pray might be signed, sealed and made a part of the record in this cause, which is accordingly done, within the time prescribed by law, this 17th day of December, 1943.

> FRANK ARMISTEAD,
> Judge of the Circuit Court
> of York County, Virginia."

These defendants heavily rely upon *Anderson* v. *Commonwealth*, 100 Va. 860, 42 S. E. 865. There the court said that the burden of proving venue was upon the Commonwealth, just as is the burden of proving other facts necessary to conviction, and further said that the allegations of venue contained in the indictment could not supply proof. The general law on this subject is well stated in a note, 113 A. L. R. 259, which reads:

"The distinction should be borne in mind between that which the court may judicially notice and that which it must notice. 'Courts may judicially notice much which they cannot be required to notice.' Thayer, 'Judicial Notice and

the Law of Evidence,' 3 Harvard L. Rev. 285, 310. See also 5 Wigmore on Evidence, 2d ed., sec. 2568.

■ ■ " 'The court is bound to take notice of the law; hence it is error not to do so. But in respect to nearly all matters of fact of which it may take notice, it is not bound to do so; and whether it will do so or not depends partly on the nature of the subject, the issue, the apparent justice of the case, partly on the information of the court and the means of information at hand, and partly on the judicial disposition.' Abbott, note to *Porter* v. *Waring*, (1877), 2 Abb. N. C. (N. Y.) 231. And see 15 R. C. L., Judicial Notice, sec. 4; *Hunter* v. *New York, O. & W. R. Co.* (1889), 116 N. Y. 615, 23 N. E. 9, 6 L. R. A. 246." °

■ " * * * whether this or that matter of fact will be judicially known in any particular case is very largely discretionary with the court." 15 R. C. L. 1061.

Whether they "will take judicial notice of well-established matters of fact is discretionary with the trial court the rulings of which usually depend upon the nature of the subject, the issue involved, the apparent justice, and the circumstances of the particular case." 20 Am. Jur. 53.

■ "Courts will generally take notice of whatever ought to be generally known within the limits of their jurisdiction." 1 Greenl. Ev., sec. 6.

In *Kelley* v. *Commonwealth*, 140 Va. 522, 125 S. E. 437, the court, departing from what was said in *Anderson's Case*, cited among its conclusions the fact that the indictment charged that the offense was committed in Alleghany county and further said:

■ ■ "The case falls within the holding of *West* v. *Commonwealth*, 125 Va. 747, 750-2, 99 S. E. 654, and *Hart* v. *Commonwealth*, 131 Va. 736, 109 S. E. 582, where the reasoning of the court and the authorities upon which it is based are fully set forth. The case of *Anderson* v. *Com'th*, 100 Va. 864, 42 S. E. 865, has been often cited as holding a contrary doctrine, but it must be deemed to be overruled in so far as it is in conflict with the cases cited. Venue, it is true, will not be presumed, but must be proved, and the burden

is on the Commonwealth to prove it; but in the absence of any direct evidence on the subject by either party, this court will not for that reason reverse the judgment of the trial court if it can see from the indirect evidence disclosed by the record that the jury could not have had a reasonable doubt that the offense was committed within the venue laid in the indictment."

In *West* v. *Commonwealth*, 125 Va. 747, 99 S. E. 654, the court, quoting from *Byrd* v. *Commonwealth*, 124 Va. 833, 98 S. E. 632, said:

"The failure clearly to prove venue is usually due to inadvertence, flowing naturally from the familiarity of court, counsel, witnesses and jurors with the locality of the crime; and appellate courts will generally and properly lay hold of and accept as sufficient any evidence in the case, direct or otherwise, from which the fact may be reasonably inferred."

■ Judge Kelly went on to say that evidence to establish venue may be circumstantial as well as direct, and that "It seldom happens that there is any real merit in an exception based upon a failure to prove venue, unless the question has been developed and made the subject of serious inquiry before verdict. Criminals are supposed to be and usually are indicted where they have committed the crime."

In *Hart* v. *Commonwealth*, 131 Va. 726, 736, 109 S. E. 582, it was held that venue has been sufficiently proven when its location is the only reasonable inference that can be drawn from the evidence.

In *Farewell* v. *Commonwealth*, 167 Va. 475, 189 S. E. 321, we said:

■ "It is true that it was necessary in Virginia at one time for records in criminal cases to include evidence of venue. *Anderson* v. *Commonwealth*, 100 Va. 860, 42 S. E. 865. However, since this court has adopted Rule XXII, the question of venue cannot be raised for the first time in this court. Proof of venue, therefore, is not regarded as material, so far as the merits of the prosecution are concerned, and so the allegation of venue is not a part of the crime. An

amendment to the indictment laying the venue does not change the nature of the offense."

It is a settled policy of this State to have criminal cases tried upon their merits, and it is in accord with that policy that we said in Rule XXII: "Questions of venue must be raised in the trial court before verdict in cases tried by a jury or before judgment in all other cases."

We are not compelled to believe that judges are ignorant of facts known to everybody else, and it is plain that venue may be established by circumstantial evidence as well as by indirect testimony. If one were being tried in Rockbridge county for murder, and if it were made to appear that homicide occurred at Natural Bridge, no juryman or judge in that county could be ignorant of its venue.

If one is being tried in Richmond for murder, and if it appeared that the killing was in the lobby of the Jefferson Hotel, we could not assume that the trial judge was ignorant of a fact known to every other intelligent citizen of Richmond—that the Jefferson Hotel was in Richmond; and so he might take judicial notice of its venue.

We do not know that the "half way house" named in the indictment as being in York county was in fact there. The trial judge knew it. His certificate is in fact a statement that its location in that county was a matter of wide public knowledge, as it doubtless was. Territorially, York is a small county.

Thomas pleaded guilty. In doing this he in substance said that on the 7th day of August, 1943, in York county, he made a felonious assault upon Davis and took from his person $300. Dandridge and Randall do not say that they were not present on that occasion; they say that they were present. In other words, they say that they were present at the time and at the place when this crime as charged was committed. Their own signed statements inevitably establish venue. Nor were they strangers there; both of them had lived at Yorktown practically all of their lives.

 The law of venue may be restated: Proof is not necessary unless timely objection is made; that charged in

the indictment is accepted. When timely and meritorious objection is made, the judge may, by judicial notice, dispense with proof. It may be shown by circumstances, and it may be shown by testimony, direct or indirect.

When the accused has been tried by a jury of his vicinage, sitting within the territorial jurisdiction of the presiding judge, venue can do no more.

Next it is said that the judgment of conviction as to these defendants is without evidence to support it, that at the most they were but bystanders. They went to Davis' house in the furtherance of a common purpose. One of them provided the bludgeon with which he was struck, and they divided among themselves the fruits of this joint enterprise—certainly they were not bystanders. Randall's evidence that he made this half-hearted protest—"don't bother Mr. Davis" —just before Davis was struck, was given little effect by the presiding judge, who heard him *ore tenus*. He continued to stand by; he took some of the money, and if he did not get what he believed he was entitled to get, he was just out of luck.

As Judge Kelly observed in the *West Case, supra*, there is no real merit in the defendants' contention; in fact, there is no merit at all, and their contentions were properly overruled.

*Judgment affirmed.*