COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Willis and Elder
Argued by Teleconference


WANDA KAYE TURNER

                                    MEMORANDUM OPINION[*] BY
v.   Record No. 2804-96-2        JUDGE JERE M. H. WILLIS, JR.
                                       OCTOBER 14, 1997
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF HANOVER COUNTY
                  Richard H. C. Taylor, Judge

          J. Overton Harris (Campbell, Campbell,
          Herbert & Harris, on brief), for appellant.

          Daniel J. Munroe, Assistant Attorney General
          (Richard Cullen, Attorney General, on brief),
          for appellee.


     Wanda Kaye Turner contends (1) that the trial court

erroneously denied her motion to strike the evidence, and (2)

that the Commonwealth failed to prove venue.  Because venue was

not proven, we reverse the conviction and dismiss the indictment.

     We view the evidence in the light most favorable to the

Commonwealth, granting to it all reasonable inferences fairly

deducible therefrom.  See Traverso v. Commonwealth, 6 Va. App.

172, 176, 366 S.E.2d 719, 721 (1988).

     Dr. Byrd operates his dental office in Hanover County.  From

approximately July 5 until November 21, 1995, Turner was his

primary employee.  Although she performed clerical duties for

him, she was not authorized to use the business checkbook which

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

was located in an unlocked filing cabinet.

In December 1995, upon examining his business bank statements, Dr. Byrd discovered various checks out of sequence and several checks missing.  He determined that three of the missing checks had been written for $625.29 each, payable to Turner.  Dr. Byrd recognized the handwriting as Turner's.  One check was dated Wednesday, November 8, 1995.  Dr. Byrd testified that he is not in his office on Wednesdays and that Turner was the only person in his office that day.

The bank statements revealed that Dr. Byrd's Central Fidelity Bank business checking account was short the three forged checks, each in the amount of $625.29.  Central Fidelity Bank reimbursed him that amount.

On March 19, 1996, a grand jury indicted Turner for grand larceny of "property and/or U.S. currency" belonging to Dr. Byrd.  However, the indictment was amended and specifies that:

> Wanda Kaye Turner on or about June 1st through December 1st, in the year one thousand nine hundred and ninety-five, in the said County, and within the Jurisdiction of the said Circuit Court of the County of Hanover did unlawfully and feloniously take, steal and carry away U.S. currency from Central Fidelity Bank by cashing forged payroll checks having a value of $200 or more belonging to Eliott Bird [sic], D.D.S., with the intent to deprive the owner thereof permanently against the peace and dignity of the Commonwealth of Virginia.

Turner contends that no evidence proved that the offense was committed within the trial court's jurisdiction.  The

- 2 -

Commonwealth argues that the checks used to effect the alleged larceny of Central Fidelity Bank were removed from Dr. Byrd's office in Hanover County which is within the jurisdiction of the trial court.  The Commonwealth cites Randall v. Commonwealth, 183 Va. 182, 31 S.E.2d 571 (1944), for the proposition that:

> "The failure clearly to prove venue is usually due to inadvertence, flowing naturally from the familiarity of the court, counsel, witnesses and jurors with the locality of the crime; and appellate courts will generally and properly lay hold of and accept as sufficient any evidence in the case, direct or otherwise, from which the fact may be reasonably inferred."

Id. at 187, 31 S.E.2d at 573 (citation omitted).

Code § 19.2-244 provides, in pertinent part, that:  "Except as otherwise provided by law, the prosecution of a criminal case shall be had in the county or city in which the offense was committed."  While "[t]he Commonwealth may prove venue by either direct or circumstantial evidence[,] . . . the evidence must be sufficient to present a '"strong presumption" that the offense was committed within the jurisdiction of the Court.'"  Davis v. Commonwealth, 14 Va. App. 709, 711, 419 S.E.2d 285, 287 (1992) (citation omitted).

Turner was not indicted for stealing blank checks from Dr. Byrd or for forgery.  Rather, she was charged with larceny of U.S. currency from Central Fidelity Bank.  The record is devoid of any reference to the location of Central Fidelity Bank -- the alleged situs of the crime.  While sufficient evidence

establishes that Turner removed the blank checks in Hanover County, we cannot infer upon that finding alone that a subsequent, separate and distinct offense of larceny of money from Central Fidelity Bank likewise occurred in Hanover County. Lacking such proof, the Commonwealth failed to prove that the larceny occurred within the trial court's jurisdiction.

The conviction is reversed, and the indictment is dismissed.

<u>Reversed and dismissed.</u>