COURT OF APPEALS OF VIRGINIA

Present:   Judges Kelsey, McClanahan and Senior Judge Willis
Argued at Chesapeake, Virginia


QUINTON UTELL BURTON

MEMORANDUM OPINION[*] BY
v.        Record No. 1721-05-1                    JUDGE D. ARTHUR KELSEY
                                                        OCTOBER 17, 2006
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF NORTHAMPTON COUNTY
Glen A. Tyler, Judge

Paul G. Watson, IV, for appellant.

Robert H. Anderson, III, Senior Assistant Attorney General
(Robert F. McDonnell, Attorney General, on brief), for
appellee.


On appeal, Quinton Burton contests the sufficiency of the evidence supporting his

conviction for grand larceny.  He also claims the evidence failed to show proper venue in the

Circuit Court of Northampton County.  Disagreeing with both assertions, we affirm.

I.

Under settled principles, we review the evidence in the "light most favorable" to the

Commonwealth.  Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003).

That principle requires us to "discard the evidence of the accused in conflict with that of the

Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and

all fair inferences to be drawn therefrom."  Parks v. Commonwealth, 221 Va. 492, 498, 270

S.E.2d 755, 759 (1980) (emphasis and citation omitted).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Gary Wagner, a businessman in Northampton County, left work at 5:00 p.m. on October 7, 2004. He saw his backhoe parked in the usual place in the company lot. The next morning, at 8:00 a.m., Wagner noticed the backhoe was gone. He reported the event to the police as a likely theft.

Around 9:00 a.m. that morning, the backhoe was seen in Seaford, Delaware, by Craig Hitch, a tow truck driver. Burton had hired him to move the backhoe. Burton wanted it moved quickly to New Jersey but the trailer had broken down. Hitch noticed the truck pulling the backhoe and the car in which Burton rode both bore Virginia license plates. Sensing something was wrong, Hitch called the police.

Police officers arrested Burton in New Jersey. Burton gave two different statements when questioned about the backhoe. He first stated he found the backhoe in Cherry Hill, New Jersey, two weeks earlier with a "for sale" sign on it. On behalf of his boss, Burton purchased the backhoe from a "Mr. Smith" in New Jersey. Burton gave a second statement in which he explained that he bought the backhoe from a "drug dealer" from Northampton County. Burton said he knew him well because they grew up together in Northampton County. Burton claimed, however, he was unaware that the backhoe had been stolen.

A grand jury in Northampton County indicted Burton for grand larceny. At his bench trial, Burton took the stand and offered a third explanation for his possession of the backhoe. In this version, Burton presented an alibi witness. She said Burton was at her home in New Jersey the afternoon of October 7 and stayed there until 4:30 a.m. on October 8. Burton testified that he left her house to pick up a backhoe his boss had purchased. Burton said he knew nothing about the purchase and played no role in it. Burton conceded his earlier two statements were untruthful. A two-time felon, Burton explained that he lied because he did not want to be "convicted" of receiving stolen property.

Finding Burton's hypotheses of innocence "unreasonable" and "inconsistent," the trial court convicted Burton of grand larceny. On appeal, Burton claims the evidence is insufficient to support his grand larceny conviction. He also argues that no evidence established proper venue in Northampton County.

II.

A. SUFFICIENCY OF THE EVIDENCE

When addressing the sufficiency of the evidence, we "'presume the judgment of the trial court to be correct' and reverse only if the trial court's decision is 'plainly wrong or without evidence to support it.'" Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (citations omitted).[1] In practical terms, this means a reviewing court does not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Stevens v. Commonwealth, 46 Va. App. 234, 249, 616 S.E.2d 754, 761 (2005) (*en banc*) (emphasis in original and citation omitted). We ask only whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Barnes v. Commonwealth, 47 Va. App. 105, 110 n.1, 622 S.E.2d 278, 280 n.1 (2005) (citation omitted). "It also ensures that we remain faithful to 'our duty not to substitute our judgment for that of the trier of fact, even were our opinion to differ.'" Id.[2]

---

[1] "This standard comes from Code § 8.01-680 — the basis for our appellate review of factfinding in civil and criminal cases as well as bench and jury trials." Seaton v. Commonwealth, 42 Va. App. 739, 747 n.2, 595 S.E.2d 9, 13 n.2 (2004).

[2] See also Haskins v. Commonwealth, 44 Va. App. 1, 7-8, 602 S.E.2d 402, 405 (2004); Crowder v. Commonwealth, 41 Va. App. 658, 662-63, 588 S.E.2d 384, 386-87 (2003).

In this case, Burton was found in possession of a backhoe recently stolen from Wagner's business in Northampton County. Burton was transporting the backhoe using a truck licensed in Virginia. When the trailer became inoperable, Burton hired a tow truck driver to get the backhoe to New Jersey. Finding the circumstances suspicious, the tow truck driver called the police. When arrested, Burton gave two different stories in an effort to explain away these incriminating circumstances. Once on the witness stand, he gave a third explanation.

These facts amply demonstrate the rationality of the trial court's factfinding. Under Virginia law, the possession of "recently stolen goods" creates a permissible inference that the possessor "was the thief unless the defendant offers a reasonable account of possession consistent with innocence which the Commonwealth has failed to prove untrue." 2 Virginia Model Jury Instructions, Criminal No. 36.300 (2005); see Dobson v. Commonwealth, 260 Va. 71, 74-76, 531 S.E.2d 569, 571-72 (2000) (rejecting constitutional challenge to this possession inference jury instruction). By itself, this "larceny inference," Winston v. Commonwealth, 26 Va. App. 746, 757, 497 S.E.2d 141, 147 (1998) (citation omitted), is "sufficient for the judge or jury to infer that the person in possession of the stolen goods was the thief." Lew v. Commonwealth, 20 Va. App. 353, 358, 457 S.E.2d 392, 394-95 (1995).

Burton did not defeat the larceny inference with any of his three attempts at offering a reasonable explanation for his possession of Wagner's backhoe. As factfinder, the trial court was at liberty to discount Burton's self-serving explanations as little more than lying to "conceal his guilt" and could treat such prevarications as affirmative "evidence of guilty knowledge." Covil v. Commonwealth, 268 Va. 692, 696, 604 S.E.2d 79, 82 (2004); see also Thomas v. Commonwealth, 44 Va. App. 741, 755 n.5, 607 S.E.2d 738, 744 n.5, aff'd en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005); Haskins v. Commonwealth, 44 Va. App. 1, 10, 602 S.E.2d 402, 406 (2004); see also Wright v. West, 505 U.S. 277, 296 (1992) (stating that, if the defendant's sworn

testimony is disbelieved as a deliberate falsehood, the factfinder may consider the "perjured testimony as affirmative evidence of guilt").

## B. "STRONG PRESUMPTION" OF VENUE

In Virginia, as elsewhere, proof of venue "is not a part of the crime." Randall v. Commonwealth, 183 Va. 182, 187, 31 S.E.2d 571, 573 (1944) (quoting Farewell v. Commonwealth, 167 Va. 475, 479, 189 S.E. 321, 323 (1937)).[3] Thus, the prosecution need not "prove where the crime occurred beyond a reasonable doubt, since venue is not a substantive element of a crime." United States v. Griley, 814 F.2d 967, 973 (4th Cir. 1987). It is enough that the evidence, direct or circumstantial, raises a "strong presumption" that the crime occurred within the territorial jurisdiction of the court. Thomas v. Commonwealth, 38 Va. App. 319, 323, 563 S.E.2d 406, 408 (2002) (quoting Pollard v. Commonwealth, 220 Va. 723, 725, 261 S.E.2d 328, 330 (1980), quoting in turn, Keesee v. Commonwealth, 216 Va. 174, 175, 217 S.E.2d 808, 810 (1975)). On appeal, we view the facts "in the light most favorable" to the Commonwealth and defer to the trial court's factual findings unless insufficient as a matter of law. Id.

Venue depends on the "nature of the crime alleged and the location of the act or acts constituting it." United States v. Anderson, 328 U.S. 699, 703 (1946). When a crime — if committed at all — must have occurred within the court's territorial jurisdiction, appellate approval of the sufficiency of the evidence necessarily subsumes the question of venue. "Accurately speaking," the Virginia Supreme Court has explained, a venue challenge in such a case is nothing more than the defendant claiming "the evidence is insufficient to establish his

---

[3] See also Green v. Commonwealth, 32 Va. App. 438, 450, 528 S.E.2d 187, 193 (2000) (remanding for "retrial in a proper venue" when the "Commonwealth did not meet its burden to establish venue" because "'venue is not part of the crime'" (quoting Randall, 183 Va. at 187, 31 S.E.2d at 573)).

presence . . . where and when the crime was committed." Williams v. Commonwealth, 188 Va. 583, 594, 50 S.E.2d 407, 412 (1948).

Here, the crime alleged was larceny of Wagner's backhoe. That crime occurred in Northampton County the moment the thief removed the backhoe from Wagner's lot with the intent to permanently deprive Wagner of it. Given the facts of this case, no larceny could have occurred had it not occurred in Northampton County. For this reason, the incriminating larceny inference supporting Burton's guilt on the merits (sufficient under the reasonable doubt standard) all the more supports the trial court's finding of venue (determined under the less onerous "strong presumption" standard).

Burton disagrees, pointing out that he was found in possession of the backhoe in Seaford, Delaware, not Northampton County, Virginia. This distinction, however, would make a difference only if Burton had been prosecuted for possession of stolen goods rather than larceny. One can receive stolen goods from a thief far from the place of the theft. See Davis v. Commonwealth, 14 Va. App. 709, 714, 419 S.E.2d 285, 288 (1992) (distinguishing such a case from one where the defendant was "accused of actually stealing" the goods he possessed). But the thief himself will be present at the time and place of the theft. In this respect, Burton's contest over venue

> loses sight of the fact that unexplained or insufficient explanation of exclusive possession of recently stolen goods, either within or without the jurisdiction of the actual theft, *is sufficient to raise the factual presumption or inference of guilt of the larceny at the place where the crime was actually committed.* The presumption against one that may be thus raised is not limited to the territorial jurisdiction where he is found in possession of the stolen goods.

Williams, 188 Va. at 594, 50 S.E.2d at 412 (emphasis added). The trial court, therefore, did not err in finding venue proper under the circumstances of this case.

III.

Finding no merit in Burton's challenge to his grand larceny conviction or to the trial court's finding of venue, we affirm.

Affirmed.