UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Chaney, Callins and Senior Judge Humphreys
Argued by videoconference


CAL BYREN KILBY

MEMORANDUM OPINION* BY
v.      Record No. 1451-23-4      JUDGE VERNIDA R. CHANEY
APRIL 29, 2025

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF WARREN COUNTY
Daryl L. Funk, Judge

Alasen Schell (Pond Law Group, P.C., on brief), for appellant.

David A. Stock, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Following a jury trial, Cal Byren Kilby was convicted of possessing fentanyl. Kilby argues

that the trial court erred in denying his motion to strike because the Commonwealth failed to prove

venue.[1] This Court finds that the evidence did not establish venue in Warren County. Accordingly,

this Court reverses Kilby's conviction and remands for a new trial if the Commonwealth elects.

BACKGROUND

On appeal, "we review the evidence in the 'light most favorable' to the Commonwealth."

*Clanton v. Commonwealth*, 53 Va. App. 561, 564 (2009) (en banc) (quoting *Commonwealth v.*

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Kilby also asserts that the trial court erred "in not specifically ruling on whether it took judicial notice of the situs of the offense" and in concluding that the police officers "appropriately identified" him. Given our ruling that the Commonwealth failed to prove venue, we need not consider these arguments. *See, e.g.*, *Rebh v. Cnty. Bd. of Arlington Cnty.*, __ Va. __ (Nov. 27, 2024) ("Our doctrine of judicial restraint requires appellate courts to decide cases 'on the best and narrowest ground available.'" (quoting *McGhee v. Commonwealth*, 280 Va. 620, 626 n.4 (2010)).

*Hudson*, 265 Va. 505, 514 (2003)). That principle requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom." *Kelly v. Commonwealth*, 41 Va. App. 250, 254 (2003) (en banc) (quoting *Watkins v. Commonwealth*, 26 Va. App. 335, 348 (1998)).

On the afternoon of March 9, 2022, Investigator Jason Lombard of the Warren County Sheriff's Office was on patrol in an unmarked police vehicle. Investigator Lombard observed Kilby driving a vehicle on "Happy Creek Road in the area of Robinson's Grocery." The officer knew Kilby and was aware that Kilby had a Maryland driver's license, but Kilby had "lived in Warren County for several years and still hadn't obtained his Virginia license" as required by Virginia law.[2] The investigator also had received information from the Front Royal Police Department about Kilby possibly transporting narcotics in his car.

Investigator Lombard activated his emergency equipment and stopped Kilby's car at the side of Robinson's Grocery after turning from Happy Creek Road. Working with Master Deputy Griffith of the Warren County Sheriff's Office, a trained police dog sniffed the outside of Kilby's car and indicated the presence of narcotics. As a result, Investigator Lombard searched Kilby's car. Inside a compartment in the steering column, the police found a plastic bag containing many capsules of suspected controlled substances. Investigator Lombard stated that "typically in our area" gel capsules of that type originated in Baltimore.

Investigator Lombard submitted the capsules for testing at the state laboratory with a request for laboratory examination (RFLE) form. The RFLE form, introduced as Commonwealth's Exhibit 1, had the word "Warren" written into the blank space labelled

_____

[2] Investigator Lombard believed Kilby's address was on "Shenandoah Shores Road." The officer thought Kilby had a bedroom at that residence.

"Jurisdiction of Offense." The RFLE form indicated that the agency submitting the evidence was the Warren County Sheriff's Office. Testing proved that the capsules contained fentanyl mixed with other controlled substances.

In a motion to strike, Kilby argued that the evidence did not identify him or prove that the drugs were in his constructive possession. Kilby also contended there was insufficient evidence to prove that the offense occurred in Warren County and thus establish venue in the trial court. The prosecutor responded that the trial court could "take judicial notice that the road that he was on and the grocery store are in Warren County." Without commenting on judicial notice, the trial court denied the motion to strike the charge. Kilby presented no evidence. The trial court said that the defense was not required to renew its motion to strike, but that the court would reach the same conclusion and deny the motion to strike under the higher standard applicable at the end of all the evidence.

The jury found Kilby guilty of possessing fentanyl, and this appeal followed.

ANALYSIS

Kilby argues venue was improper because the Commonwealth failed to prove that the traffic stop, and thus the drug possession, occurred in Warren County. The Commonwealth bears the burden of proving venue. *Williams v. Commonwealth*, 289 Va. 326, 332 (2015). To do so, it must produce evidence sufficient to give rise to "a 'strong presumption' that the offense was committed within the territorial jurisdiction of the court." *Id.* (quoting *Harding v. Commonwealth*, 132 Va. 543, 548 (1922)); *see also Gheorghiu v. Commonwealth*, 280 Va. 678, 689 (2010) (recognizing that venue is not a substantive element of a crime and need not be proved beyond a reasonable doubt). When an appellate court reviews a challenge to proof of venue, it considers "whether the evidence, when viewed in the light most favorable to the Commonwealth, is sufficient to support the [trial court's] venue findings." *Bonner v.*

- 3 -

*Commonwealth*, 62 Va. App. 206, 211 (2013) (en banc) (alteration in original) (quoting *Foster-Zahid v. Commonwealth*, 23 Va. App. 430, 442 (1996)). Virginia's venue statute directs that, in the absence of a special statute providing otherwise, "the prosecution of a criminal case shall be had in the county or city in which the offense was committed." Code § 19.2-244(A). The Commonwealth may show that the crime occurred within the trial court's jurisdiction "with direct or circumstantial evidence." *Taylor v. Commonwealth*, 58 Va. App. 185, 190 (2011).

Despite the deferential standard afforded the Commonwealth's proof of venue, the Supreme Court of Virginia has made clear that an allegation of venue in the indictment and the fact that the law enforcement officers in the case are from the trial court's jurisdiction does not, without more, "support an inference that the crime took place within the . . . territorial jurisdiction" of that court. *Williams*, 289 Va. at 336-37; *see Keesee v. Commonwealth*, 216 Va. 174, 175 (1975) ("The mere fact[] that the local police department was involved in the investigation of the crimes . . . will not suffice."). Here, Warren County deputies stated only that the stop occurred near Robinson's Grocery after turning from Happy Creek Road. The indictment only generally referenced that the offense occurred in Warren County, without mentioning either Happy Creek Road or identifying the location of Robinson's Grocery. Investigator Lombard and Deputy Griffith did not testify that the location of the stop was in Warren County. As in *Williams* and *Keesee*, therefore, the fact and circumstance that the Warren County Sheriff's Office was involved in this enforcement action does not prove that Warren County was the proper venue of the offense.

The Commonwealth claims that it proved venue because the RFLE form, listing "Warren" as the jurisdiction, was admitted into evidence as an exhibit. However, the Commonwealth cites no published Virginia legal authority holding that the Commonwealth may establish venue through a single reference in a document introduced, not to establish venue, but to support the chain of

custody.  The RFLE form does not create a "strong presumption" that Kilby possessed fentanyl in Warren County.  *Cf. Anderson v. Commonwealth*, 48 Va. App. 704, 715 (2006) (holding in the confrontation context that "chain of custody verification provides only foundation evidence that cannot be fairly characterized as accusatorial" (citing, *e.g.*, *State v. Carter*, 114 P.3d 1001, 1007 (Mont. 2005) (holding "certification reports are nontestimonial in nature in that they are foundational, rather than substantive or accusatory"))).

"[P]roof of venue . . . is not regarded as material, so far as the merits of the prosecution are concerned, and so the allegation of venue is not a part of the crime."  *Williams*, 289 Va. at 337 (second alteration in original) (quoting *Randall v. Commonwealth*, 183 Va. 182, 187 (1944)).  "Because failure to offer proof establishing proper venue 'did not stem from evidentiary insufficiency with respect to the guilt or innocence of the defendant,'" *id.* at 337-38 (quoting *Pollard v. Commonwealth*, 220 Va. 723, 726 (1980)), we remand the case to the trial court for a new trial if the Commonwealth be so advised.

CONCLUSION

For the foregoing reasons, this Court reverses and remands the trial court's judgment.

*Reversed and remanded.*