COURT OF APPEALS OF VIRGINIA


Present:  Judge Annunziata, Senior Judge Duff and
          Retired Judge Kulp[*]
Argued at Alexandria, Virginia


REGINA E. SMITH, S/K/A
 REGINA ELIZABETH SMITH
                                           OPINION BY
v.   Record No. 0486-99-2           JUDGE CHARLES H. DUFF
                                         AUGUST 1, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF GOOCHLAND COUNTY
                 Arthur W. Sinclair, Judge Designate

          John M. Williamson for appellant.

          Leah A. Darron, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.


     A jury convicted appellant of first degree murder, abduction

and use of a firearm in the commission of murder.  On appeal,

appellant contends the trial court committed reversible error by

(1) denying her proffered instruction regarding the elements of

the felony murder rule, (2) overruling her exceptions to the

Commonwealth's proffered instructions nine through twelve, (3)

ruling that if the evidence was sufficient to find that she was a

part of the abduction then she was responsible for everything

which occurred during the abduction, and (4) finding sufficient

---

     [*] Retired Judge James E. Kulp took part in the consideration
of this case by designation pursuant to Code § 17.1-400,
recodifying Code § 17-116.01.

evidence to support the conviction of use of a firearm in the commission of a felony.  We disagree and affirm the convictions.

BACKGROUND

Appellant, Sean Harris, William Harris, and the victim were neighbors and all used illegal narcotics.  The victim accused appellant of taking cocaine from Sean Harris' room.  The victim, along with Sean and William Harris, went to appellant's room to confront her.  During a heated conversation, appellant hit the victim and he fell to the floor.  Appellant then instructed Sean Harris, William Harris, Chilief Brisbon and Taryl Barnes to beat the victim.  The victim was moved to another room and beaten, as appellant had instructed.  Appellant entered the room after the victim was bound and gagged.  Barnes said, "Just take the [victim] somewhere and leave him, don't kill him."  Appellant next said, "Get rid of him" and, according to Sean Harris, appellant made a motion with her index finger across her throat in a slicing fashion.  William Harris testified that appellant's gesture was a sweeping arm motion.  Sean and William Harris testified that appellant's words, along with her hand motion, meant that she wanted the victim killed.  Sean Harris, William Harris and Brisbon put the victim in the trunk of a car, drove to a remote location where Sean Harris shot the victim.  Sean Harris testified that appellant was "the boss" and he was carrying out her order to kill the victim.

ABDUCTION AND FELONY MURDER ANALYSIS

Appellant argues that the evidence failed to prove that she was sufficiently implicated in the abduction to support criminal responsibility for the attendant acts, including the murder.

Pursuant to Code § 18.2-32, felony murder is a killing "in the commission of, or attempt to commit, arson, rape, forcible sodomy, inanimate or animate object sexual penetration, robbery, burglary or abduction, except as provided in § 18.2-31 . . . . ."

The crime of abduction requires proof of an asportation or detention by force, intimidation or deception. See Scott v. Commonwealth, 228 Va. 519, 526, 323 S.E.2d 572, 576 (1984). "Abduction is a continuing offense." Berkeley v. Commonwealth, 19 Va. App. 279, 286, 451 S.E.2d 41, 44 (1994) (citation omitted).

An accessory before the fact is an individual who must "know or have reason to know of the principal's criminal intention and must intend to encourage, incite, or aid the principal's commission of the crime." McGhee v. Commonwealth, 221 Va. 422, 427, 270 S.E.2d 729, 732 (1980) (citation omitted). "The amount of incitement or encouragement to commit the crime is irrelevant if the encouragement in fact induces the principal to commit the offense." Id. at 427, 270 S.E.2d at 732-33 (citation omitted).

"A principal in the second degree is one not the perpetrator, but present, aiding and abetting the act done, or keeping watch or guard at some convenient distance." Rollston v. Commonwealth, 11 Va. App. 535, 539, 399 S.E.2d 823, 825 (1991) (citation omitted).

-

"As for what constitutes 'aiding and abetting,' . . . [i]t must be shown that the defendant procured, encouraged, countenanced, or approved commission of the crime." Id. (citation omitted).

The evidence proved that after the victim accused appellant of stealing cocaine, appellant hit the victim and knocked him to the ground. Appellant then instructed the other men to move the victim from her room and beat him. After the victim was severely beaten, appellant saw that he was bound and gagged. The Commonwealth's evidence was sufficient to prove that appellant was either an accessory before the fact or a principal in the second degree to the abduction.

Appellant also argues that the killing was not an act directly calculated to further the abduction and that it was not necessitated by the abduction.

"The Supreme Court of Virginia has adopted the res gestae theory in applying the felony murder statute." Montague v. Commonwealth, 31 Va. App. 187, 190, 522 S.E.2d 379, 381 (1999) (citation omitted). "Under the res gestae theory, the felony murder doctrine applies when the 'initial felony and the homicide [are] parts of one continuous transaction, and [are] closely related in point of time, place, and causal connection.'" Id. at 190-91, 522 S.E.2d at 381 (citation omitted). "In establishing this relationship, sufficient evidence must be presented from which the fact finder can conclude that the killing and the [underlying felony] were 'interdependent objects of a common

-

criminal design.'" <u>Tibbs v. Commonwealth</u>, 31 Va. App. 687, 706, 525 S.E.2d 579, 588 (2000) (citation omitted).

After the victim was bound and gagged, appellant made a hand motion and said, "Get rid of him." The victim was immediately placed in the trunk of a car, taken to a remote location and shot. Sean and William Harris testified that they interpreted appellant's words and hand motion as meaning she wanted them to kill the victim. Sean Harris also testified that appellant was "the boss" and that he was carrying out her order to kill the victim. The evidence was sufficient to prove that the <u>res</u> <u>gestae</u> of the abduction included the killing because the abduction and homicide were parts of one continuous transaction and were interdependent objects of a common criminal design.

THE JURY INSTRUCTIONS

Appellant objected to instructions nine through twelve, the felony murder instruction, an instruction concerning a killing in the commission of abduction, a concert of action instruction and an instruction on malice, all of which tracked the Virginia Model Jury Instructions. Appellant argues that the trial court erred in giving the felony murder instructions without also giving an instruction on the definition of causal connection, which she proffered in instruction A.

Proffered instruction A provided in pertinent part:

> The acts causing death must be so
> closely related to the abduction in time,

-

place, and causal connection as to make it a part of the same criminal enterprise.

"Causal connection" means that the act or acts causing death must have been directly calculated to further the abduction or necessitated by the commission of the abduction. Any degree of causation is sufficient.

Instruction nine provided in pertinent part, "[t]hat the killing occurred in the commission of abduction." Instruction ten provided in pertinent part, "[t]hat the killing occurs in the commission of abduction if the victim has been abducted and thereafter detained until the act causing death occurs." Instruction twelve provided in pertinent part, "[a]ll participants in the initial felony may be found guilty of the murder of the victim so long as the homicide was so closely related to the felony in time, place and causal connection as to make it part of the same criminal act."

"A reviewing court's responsibility in reviewing jury instructions is 'to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.'" Darnell v. Commonwealth, 6 Va. App. 485, 488, 370 S.E.2d 717, 719 (1988) (citation omitted). "If the principles set forth in a proposed instruction are fully and fairly covered in other instructions that have been granted, a trial court does not abuse its discretion in refusing to grant a repetitious instruction." Joseph v. Commonwealth, 249 Va. 78, 90, 452 S.E.2d 862, 870 (1995).

-

The first sentence of paragraph two in proffered instruction A is language quoted from King v. Commonwealth, 6 Va. App. 351, 359, 368 S.E.2d 704, 708 (1988) (holding that there was no causal connection between the death and the underlying felony when the death was from circumstances coincident to the felony). The second sentence of paragraph two in proffered instruction A is language quoted from Berkeley, 19 Va. App. at 285, 451 S.E.2d at 44 (holding that the homicide stemmed from the commission of an abduction, was a part of one continuous transaction, closely related in time, place and causal connection, and occurred within the res gestae of the abduction).

"A statement made in the course of a judicial decision is not necessarily proper language for a jury instruction." Yeager v. Commonwealth, 16 Va. App. 761, 766, 433 S.E.2d 248, 250 (1993) (citation omitted).

"[T]he felony-murder statute applies where the killing is so closely related to the felony in time, place and causal connection as to make it a part of the same criminal enterprise." Haskell v. Commonwealth, 218 Va. 1033, 1044, 243 S.E.2d 477, 483 (1978). "Causal connection" means that the underlying felony must relate to the murder "as to make it a part of the same criminal enterprise" and this is established when the underlying felony and homicide are "interdependent objects of a common criminal design." Tibbs, 31 Va. App. at 705-06, 525 S.E.2d at 588 (citation omitted). Instructions nine, ten and twelve clearly defined the

-

issue of causal connection, and the trial court did not err in denying appellant's proffered instruction A and overruling her exceptions to jury instructions nine through twelve.

USE OF A FIREARM CONVICTION

Appellant contends the evidence was insufficient to support her conviction of use of a firearm in the commission of murder. Appellant concedes that she did not preserve this issue at trial. Appellant argues that if her murder conviction is reversed, then fundamental fairness requires that her firearm conviction also be reversed. Because we affirm appellant's murder conviction, this argument is without merit.

Based upon the foregoing, appellant's convictions are affirmed.

Affirmed.