UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Alston, Chafin and Malveaux
Argued at Salem, Virginia


MITZI BISHOP DENSON

v.         Record No. 1971-16-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE MARY BENNETT MALVEAUX
MARCH 27, 2018

FROM THE CIRCUIT COURT OF MONTGOMERY COUNTY
Robert M.D. Turk, Judge

J. Brian Bailey (Margaret B. Davis; Margaret B. Davis, PLLC, on
brief), for appellant.

Aaron J. Campbell, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Mitzi Bishop Denson ("appellant") appeals her conviction for manufacturing

methamphetamine, in violation of Code § 18.2-248.03.[1]  She argues that the trial court erred in

denying her motion to strike, because the evidence did not prove she was responsible for the

manufacture of the methamphetamine at issue.  For the reasons that follow, we affirm the

judgment of the trial court.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant was also indicted for an additional count of manufacturing
methamphetamine, in violation of Code § 18.2-248.03, and two counts of conspiracy to
manufacture methamphetamine, in violation of Code §§ 18.2-248.03 and -256.  The
Commonwealth entered a *nolle prosequi* to one count each of manufacturing methamphetamine
and conspiracy to manufacture methamphetamine.  At the conclusion of appellant's bench trial,
the trial court took the remaining conspiracy charge under advisement.  Prior to sentencing, the
court dismissed the charge and merged it with the charge of manufacturing methamphetamine
upon which appellant was convicted.

# I. BACKGROUND

"In accordance with familiar principles of appellate review, the facts [are] stated in the light most favorable to the Commonwealth, the prevailing party at trial." Scott v. Commonwealth, 292 Va. 380, 381, 789 S.E.2d 608, 608 (2016).

On October 1, 2015, deputies from the Montgomery County Sheriff's Office attempted to serve an arrest warrant on Timothy Comer ("Comer"). The deputies did not find Comer at the given address. However, as they prepared to leave, Comer drove up in a car. Appellant was riding in the passenger seat.

Deputy Jeff Brown testified that he and his colleagues asked Comer to step out of the car and advised him that he was under arrest. While Comer was being searched, he volunteered that he had some methamphetamine in his pocket. Brown, referring to a "one-pot" reaction vessel for manufacturing methamphetamine, then asked Comer "where the bottle [is]." Comer replied, "[t]here's a bottle in the back seat."

When Brown looked in the back seat of the car, he saw, in plain view, a clear plastic bottle containing a liquid. The bottle's contents were later analyzed by the Virginia Department of Forensic Science and certified to comprise approximately 68.24 grams of a liquid containing methamphetamine. Brown also found drug paraphernalia in the car, including "smoking devices" and small pieces of aluminum foil. Based on his knowledge of methamphetamine cases, Brown testified that aluminum foil is used to ingest the drug.

Brown gave Miranda warnings to appellant, who was the lessee of the rental car driven by Comer. Brown testified that appellant told him she had used methamphetamine two days earlier and that "a couple of times before" she had purchased pseudoephedrine for Comer to use in making methamphetamine. However, she could not remember how recently she had

purchased pseudoephedrine. Appellant denied knowing about the "one-pot" bottle in the back of her rental car.

Following a motion to strike, appellant testified in her own defense. She stated that she told Brown she and Comer had been camping, and testified that while camping "on and off for a couple of weeks" she had used methamphetamine "maybe two times." Appellant acknowledged telling Brown that she had used methamphetamine two days prior to October 1.

Appellant also testified that she had a prescription for pseudoephedrine. She stated that she told Brown she bought the drug for her own use and that although Comer may have taken some of her pseudoephedrine for his allergies, she did not buy pseudoephedrine for him. Although appellant was "not sure," the last time she could remember buying pseudoephedrine was "probably" two weeks to a month prior to October 1, 2015. Appellant denied knowledge of how to manufacture methamphetamine, although she acknowledged her awareness that pseudoephedrine is methamphetamine's "main ingredient."

The trial court convicted appellant of manufacturing methamphetamine, stating, "I don't have any doubt that you were manufacturing meth. The bottle is there, it's in open view; it's in the car you rented; you've been with [Comer]." This appeal followed.

II. ANALYSIS

Appellant argues that the trial court erred in denying her motion to strike because the evidence failed to prove she was responsible for the manufacture of the methamphetamine recovered on October 1, 2015.[2]

---

[2] On brief, appellant confines her argument to the methamphetamine that was recovered from the "one-pot" bottle and does not address the methamphetamine that was found on Comer's person. Thus, we confine our analysis to the methamphetamine recovered from the bottle and analyzed by the Virginia Department of Forensic Science.

When considering a challenge to the sufficiency of evidence on appeal, "we review the evidence in the light most favorable to the Commonwealth," the prevailing party at trial, "granting to it all reasonable inferences fairly deducible therefrom." Sierra v. Commonwealth, 59 Va. App. 770, 774, 722 S.E.2d 656, 657 (2012) (quoting Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997)). The Court "discard[s] the evidence of the accused in conflict with that of the Commonwealth." Johnson v. Commonwealth, 53 Va. App. 79, 99, 669 S.E.2d 368, 378 (2008) (quoting Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980)). Furthermore, "circumstantial evidence may be more compelling and persuasive than direct evidence, and when convincing, it is entitled to as much weight as direct evidence." Booker v. Commonwealth, 61 Va. App. 323, 335-36, 734 S.E.2d 729, 735 (2012) (quoting Bridgeman v. Commonwealth, 3 Va. App. 523, 526, 351 S.E.2d 598, 600 (1986)).

In conducting our inquiry, "the relevant question is, after reviewing the evidence in the light most favorable to the [Commonwealth], whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Sullivan v. Commonwealth, 280 Va. 672, 676, 701 S.E.2d 61, 63 (2010). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Kelly v. Commonwealth, 41 Va. App. 250, 257-58, 584 S.E.2d 444, 447 (2003) (*en banc*) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). We "presume the judgment of the trial court to be correct," White v. Commonwealth, 68 Va. App. 111, 118, 804 S.E.2d 317, 320 (2017) (quoting Kelly, 41 Va. App. at 257, 584 S.E.2d at 447), and do not "substitute our judgment for that of the trier of fact," Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002). Thus, we "will reverse only where the trial court's decision is 'plainly wrong or without

evidence to support it.'" Calloway v. Commonwealth, 62 Va. App. 253, 261, 746 S.E.2d 72, 76 (2013) (quoting Seaton v. Commonwealth, 42 Va. App. 739, 746, 595 S.E.2d 9, 12 (2004)).

Appellant notes that the Commonwealth proceeded under the theory that she acted as an accessory before the fact, purchasing pseudoephedrine for Comer to use in manufacturing the methamphetamine at issue. She contends that under this theory, the evidence must prove a "nexus" between the methamphetamine recovered from the "one-pot" bottle and appellant's alleged actions as an accessory before the fact. Appellant argues that the evidence does not prove such a nexus, because a finding that she purchased pseudoephedrine for Comer "at some unknown time in the past so that [he] could manufacture methamphetamine at some point in the future" does not sustain a finding that she aided in the manufacture of the drug recovered on October 1, 2015.

Code § 18.2-248.03(A) provides, in pertinent part, that any person who manufactures at least 28 grams but less than 227 grams "of a mixture or substance containing a detectable amount of methamphetamine" is guilty of a felony. Code § 18.2-18 provides, in pertinent part, that "[i]n the case of every felony, every . . . accessory before the fact may be indicted, tried, convicted and punished in all respects as if a principal in the first degree."

An accessory before the fact "is an individual who must 'know or have reason to know of the principal's criminal intention and must intend to encourage, incite, or aid the principal's commission of the crime.'" Smith v. Commonwealth, 33 Va. App. 65, 70, 531 S.E.2d 608, 610 (2000) (quoting McGhee v. Commonwealth, 221 Va. 422, 427, 270 S.E.2d 729, 732 (1980)). Such an individual "must 'incite[], advise[], or abet[] others in the commission of the crime' without being 'present at the commission of the offense.'" Schwartz v. Commonwealth, 45 Va. App. 407, 443, 611 S.E.2d 631, 649 (2005) (quoting Tolley v. Commonwealth, 216 Va. 341, 348, 218 S.E.2d 550, 555 (1975)). Conviction as an accessory before the fact thus requires the

Commonwealth to prove beyond a reasonable doubt "the commission of the crime by the principal, the accessory's absence at the commission of the offense, and that before the commission of the crime, the accessory was 'in some way concerned therein . . . as [a] contriver, instigator or advisor.'" McGhee, 221 Va. at 425-26, 270 S.E.2d at 731 (quoting Tolley, 216 Va. at 348, 218 S.E.2d at 555).

Appellant does not argue that the evidence was insufficient to prove Comer manufactured the methamphetamine at issue or that he did so outside her presence. She argues simply that the evidence was insufficient to prove she was "responsible for" the manufacture of the methamphetamine recovered on October 1, 2015—*i.e.*, that she was "concerned therein" with its manufacture by aiding and abetting that process. This argument is without merit.

Here, a rational trier of fact, viewing the evidence in the light most favorable to the Commonwealth and affording it all reasonable, deducible inferences, could have found that appellant aided and abetted Comer's manufacture of the methamphetamine in the "one-pot" bottle by buying him pseudoephedrine for that purpose. Appellant testified that she uses methamphetamine and does not know how to make the drug, but does know that pseudoephedrine is its main ingredient. Appellant also told Brown she had previously purchased pseudoephedrine for Comer to use in making methamphetamine. She testified that her most recent pseudoephedrine purchase was probably two weeks to a month prior to October 1, 2015— that is, shortly before or immediately prior to her "on and off" camping with Comer. Appellant further testified that she used methamphetamine while camping with Comer, and stated to Brown that she had used the drug just two days prior to October 1. On that date, appellant and Comer were riding in appellant's rental car with a "one-pot" bottle containing methamphetamine in plain view on the back seat. That car also contained smoking devices and other paraphernalia associated with methamphetamine use. A rational fact finder could infer from this evidence that

shortly before going camping with Comer, appellant bought him pseudoephedrine to use in the manufacture of methamphetamine, that Comer used that pseudoephedrine to make the illegal drug, some of which he and appellant used while camping, and that the remaining methamphetamine was in the "one-pot" bottle in the back of appellant's car on October 1, 2015.

Further, "[u]nder settled principles, '[t]he fact finder, who has the opportunity to see and hear the witnesses, has the sole responsibility to determine their credibility, the weight to be given their testimony, and the inferences to be drawn from proven facts.'" Reed v. Commonwealth, 62 Va. App. 270, 282, 746 S.E.2d 81, 86-87 (2013) (alteration in original) (quoting Commonwealth v. Taylor, 256 Va. 514, 518, 506 S.E.2d 312, 314 (1998)). Consequently, "[i]n its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal h[er] guilt." Id. at 282, 746 S.E.2d at 87 (alterations in original) (quoting Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998)). See also Taylor v. Commonwealth, 61 Va. App. 13, 31, 733 S.E.2d 129, 138 (2012) ("A defendant's false statements are probative to show he is trying to conceal his guilt, and thus is evidence of his guilt." (quoting Rollston v. Commonwealth, 11 Va. App. 535, 548, 399 S.E.2d 821, 831 (1991))). Having found that appellant lied about her knowledge of the "one-pot" reaction vessel for manufacturing methamphetamine, the trial court could reasonably infer appellant's involvement in the making of the drug recovered on October 1, 2015. Thus, the trial court did not err in denying appellant's motion to strike on the ground of insufficient evidence that she was responsible for the methamphetamine's manufacture as an accessory before the fact.

In addition, appellant argues that other than her inculpatory statement regarding her past pseudoephedrine purchases for Comer, "there is simply no other evidence" that she participated in the manufacture of the methamphetamine at issue. She contends that while the evidence,

taken as a whole, may raise a suspicion of guilt, it does not exclude every reasonable hypothesis except that of guilt. For the reasons discussed above, appellant's argument that her inculpatory statement is the only evidence she participated in the manufacture of the methamphetamine is without merit. Further, "[p]roperly understood, the reasonable-hypothesis principle is not a discrete rule unto itself. 'The statement that circumstantial evidence must exclude every reasonable theory of innocence is simply another way of stating that the Commonwealth has the burden of proof beyond a reasonable doubt.'" Vasquez v. Commonwealth, 291 Va. 232, 249-50, 781 S.E.2d 920, 930 (2016) (quoting Commonwealth v. Hudson, 265 Va. 505, 513, 578 S.E.2d 781, 785 (2003)). Consequently, "the principle 'does not add to the burden of proof placed upon the Commonwealth in a criminal case,'" but "merely echoes 'the standard applicable to every criminal case.'" Id. at 250, 781 S.E.2d at 930 (first quoting Hudson, 265 Va. at 513, 578 S.E.2d at 785; then quoting Cook v. Commonwealth, 226 Va. 427, 433, 309 S.E.2d 325, 329 (1983)). While "[i]t is true that a fact[ ]finder cannot 'arbitrarily' choose, as between two equally plausible interpretations of a fact, one that incriminates the defendant," the fact finder's choice "becomes arbitrary . . . only when no rational fact[ ]finder could believe the incriminating interpretation of the evidence and disbelieve the exculpatory one." Id. Viewing the evidence in the light most favorable to the Commonwealth and affording it all reasonable, deducible inferences, we conclude that a rational fact finder could believe the incriminating interpretation of the evidence and that the Commonwealth has met its burden in the instant case.

### III. CONCLUSION

For the foregoing reasons, we hold that the trial court did not err in denying appellant's motion to strike the evidence of manufacturing methamphetamine, as there was sufficient evidence that appellant acted as an accessory before the fact in the manufacture of the

methamphetamine recovered on October 1, 2015.  Consequently, we affirm appellant's conviction.

Affirmed.
