## Richmond

DALLAS NATHANIEL DOANE V. COMMONWEALTH OF VIRGINIA

October 7, 1977.

Record No. 770196.

Present: All the Justices.

*Joseph S. Tate; Charles F. Lincoln (Gwyn & Tate; Lincoln & Freeman,* on brief), for plaintiff in error.

*Jerry P. Slonaker, Assistant Attorney General (Anthony F. Troy, Attorney General,* on brief), for defendant in error.

HARMAN, J., delivered the opinion of the Court.

Dallas Nathaniel Doane (Doane or defendant), who waived trial by jury, was tried and convicted by the trial court of second degree murder. We granted defendant a writ of error to the order sentencing him to a term of ten years in the penitentiary on this conviction.

While his assignments of error raise several issues, in deciding this appeal we reach only the defendant's claim that the trial court erred in applying the felony-murder rule of Code § 18.2-33 [1] to the facts of his case.

Those facts, stated in the light most favorable to the Commonwealth, reveal that the defendant stole a 1973 Ford automobile from a Richmond automobile dealer around noon on July 7, 1976. About 6:15 p.m. the following day, while driving the stolen car in Smyth County approximately 280 miles from Richmond, defendant approached a stop sign on State Route 610 where it intersects with State Route 107. Instead of stopping in obedience to the sign, defendant drove into the intersection where his eastbound car crashed into the side of a northbound pickup truck driven by James Sherman Terry. Sara Jane Terry was thrown from the truck and killed. Evidence was introduced which showed that the defendant and his companions had been drinking alcoholic beverages and smoking marijuana prior to the accident.

The trial court, determining that Doane was engaged in the prosecution of a felonious act, either grand larceny of the automobile under Code § 18.2-95 or the lesser included offense of unauthorized use of the vehicle under Code § 18.2-102 at the time he accidentally killed the victim, found him guilty of second degree murder by virtue of Code § 18.2-33.

The defendant argues that this was error because there was no showing of causal relationship between the felonious act and the

---

[1]Code § 18.2-33 provides:

"The killing of one accidentally, contrary to the intention of the parties, while in the prosecution of some felonious act other than those specified in §§ 18.2-31 and 18.2-32, is murder of the second degree and is punishable as a Class 3 felony."

death of the victim. He urges, in this regard, that we adopt the same rule followed in manslaughter cases, namely, that the criminal violation must be the proximate cause of the killing. *Beck* v. *Commonwealth,* 216 Va. 1, 4, 216 S.E.2d 8, 10 (1975); *see King* v. *Commonwealth,* 217 Va. 601, 606-07, 231 S.E.2d 312, 316 (1977).

Recognizing there must be at least a nexus between the felonious act and the killing in order to establish felony-murder under Code § 18.2-33, the Commonwealth points out that larceny is a continuing offense "and is being committed every moment of the time during which the thief deprives the owner of the stolen property or its possession." *Dunlavey* v. *Commonwealth,* 184 Va. 521, 525-27, 35 S.E.2d 763, 765-66 (1945). Thus, the Commonwealth argues, the defendant, who continued to possess and use the car in derogation of the rights of the lawful owner, was still in the prosecution of a felonious act at the time of the accident resulting in Mrs. Terry's death. The nexus is provided, the Commonwealth says, because the automobile was "the instrumentality of continued asportation and the killing, as well as the subject matter of the larceny."

■ The concept of larceny as a continuing offense is a fiction of the common law, a fiction which allows a thief who steals within a jurisdiction to be tried for the offense in any venue of that jurisdiction to which he transports, or wherein he possesses, the fruits of the larceny. This fiction, however, does not extend to create jurisdiction where the larceny occurs without the jurisdiction and the fruits of the larceny are transported to or possessed within the jurisdiction. *Strouther's Case,* 92 Va. 789, 22 S.E. 852 (1895).

■ While we continue to recognize this fiction in support of venue, we decline to extend it, as the Commonwealth would have us do, to satisfy the requirements of Code § 18.2-33 that the accidental killing occur while the defendant is in the prosecution of a felonious act.

■ Once the Commonwealth is stripped of the benefit of the fiction, there is neither a showing of causal relationship nor a showing of nexus between the larceny, which was complete with the defendant's asportation of the car in Richmond, and the accidental killing of Mrs. Terry in Smyth County the following day. Whether that showing must be one of causal relationship,

or whether a showing of mere nexus will suffice, is a question which we defer to another day.

For these reasons, the judgment of the trial court is reversed and the case is remanded for a new trial in accordance with the views expressed herein, if the Commonwealth be so advised.

*Reversed and remanded.*