**Salem**

ERNEST HUDSON DAVIS

v.

COMMONWEALTH OF VIRGINIA

No. 0190-91-2

Decided June 16, 1992

COUNSEL

Roxie O. Rosemond (Joel C. Cunningham, P.C., on brief), for appellant.

Robert B. Condon, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BENTON, J.**—Ernest Hudson Davis appeals from a conviction for petit larceny. He contends that the trial judge erred in finding that the Commonwealth proved venue. We agree and reverse the conviction.

The evidence proved that the proprietor of Cole's Gun Shop made an inventory of her merchandise after a break-in and discovered that a .25 caliber pistol was missing. The following week, Davis admitted in a written statement to the police that he had purchased the pistol from William Edmonds and later sold it. Davis also admitted that when he purchased the pistol he knew it was stolen.

At the conclusion of the Commonwealth's case, Davis moved to strike the evidence, claiming the Commonwealth failed to prove venue. Over objection, the trial judge allowed the Commonwealth to reopen its case. The Commonwealth then proved that the police recovered the pistol from another person in South Boston and that Cole's Gun Shop was located in South Boston. At the conclusion of this evidence, Davis argued that no evidence proved Davis broke into the gun shop or proved Davis bought or sold the pistol in South Boston. In response, the Commonwealth argued that venue was proved because the theft occurred in South Boston, the same jurisdiction in which the pistol was recovered. The trial judge overruled Davis' motion, found that venue was proved, and found Davis guilty of petit larceny by receiving stolen property.

On this appeal, Davis argues that no evidence proved that an offense was committed within the jurisdiction of the trial court. In response, the Commonwealth contends that since receiving stolen property is deemed to be larceny and since larceny is a continuing offense, Davis could be tried in the county in which the property was stolen. The Commonwealth adopts this position even though no evidence linked Davis with the actual theft in South Boston or proved that Davis possessed or received the property in South Boston. We conclude that the Commonwealth's argument is inconsistent with Virginia law and cannot be derived from *Dunlavey v. Commonwealth*, 184 Va. 521, 526, 35 S.E.2d 763, 765 (1945), the case the Commonwealth chiefly relies upon.

"Except as otherwise provided by law, the prosecution of a criminal case shall be had in the county or city in which the offense was committed." Code § 19.2-244. The Commonwealth may prove venue by either direct or circumstantial evidence. In either case, the evidence must be sufficient to present a " 'strong presumption' that the offense was committed within the jurisdiction of the Court." *Pollard v. Commonwealth*, 220 Va. 723, 725, 261 S.E.2d 328, 330 (1980) (quoting *Keesee v. Commonwealth*, 216 Va. 174, 175, 217 S.E.2d 808, 810 (1975)).

"The concept of larceny as a continuing offense is a fiction of the common law." *Doane v. Commonwealth*, 218 Va. 500, 502, 237 S.E.2d 797, 798 (1977). However, Courts are not required to apply this fiction unqualifiedly. The notion that larceny is a continuing offense:

grew out of a fiction of the law, that, where property has been feloniously taken, every act of removal or change of possession by the thief constituted a new taking and asportation; and, as the right of possession, as well as the right of property, continues in the owner, every such act is a new violation of the owner's right of property and possession.

*Dunlavey*, 184 Va. at 527, 35 S.E.2d at 766. Thus, a thief who transports stolen property from county to county within the Commonwealth may be tried in any one of the counties through which the thief travels. *Id.* Moreover, with each change of possession, the new possessor who is on notice that the property has been stolen is guilty of trespassing against the owner's property right. *Id.* at 525, 35 S.E.2d at 765. However, when the evidence fails to prove that the accused possessed or received the stolen property in the city or county in which it was stolen, these principles do not support the argument that an accused who knowingly received stolen property may be tried for the offense of larceny within the city or county from which the property was stolen.

In *Doane*, the accused stole an automobile in the City of Richmond. The next day, the accused killed a woman while driving the automobile in Smyth County. The Commonwealth prosecuted the accused in Smyth County under Code § 18.2-33, alleging second degree murder for an accidental killing occurring in the prosecution of a felonious act. *Doane*, 218 Va. at 502, 237 S.E.2d at 798. The Supreme Court reaffirmed the concept that larceny is a continuing offense and noted that a thief who steals within one city or county of the Commonwealth may be tried in any other city or county into which the thief transports or possesses the property. *Id.* However, the Supreme Court specifically rejected an extension of this legal fiction which would have used it as a substitute for proof of a causal relationship or nexus between the felony and the accidental killing, a requirement for establishing felony murder under Code § 18.2-33. *Id.* The Court's reaffirmation of the concept of larceny as a continuing offense for purposes of determining the appropriate situs for prosecution of the actual thief did not resolve the determination of venue for an accused who is prosecuted for possessing or receiving stolen property.

In *Pollard*, the accused possessed in the City of Charlottesville property stolen from the City of Richmond and attempted to sell that property to a business in the City of Charlottesville. 220 Va. at 725, 261 S.E.2d at 330. The Commonwealth prosecuted the accused in the City of Richmond but failed to prove the accused received or possessed the property within the City of Richmond. *Id.* at 726, 261 S.E.2d at 330. Without deciding whether the crime of receiving stolen property must be prosecuted in the city or county in which the accused possessed the property or in the city or county in which the accused received the property, *id.* at 725, 261 S.E.2d at 330, the Court expressly held that no evidence connected the accused to any criminal activity in the City of Richmond, the place from which the property was alleged to have been stolen. *Id.* at 726, 261 S.E.2d at 330.

 It logically follows from the holding in *Pollard* and the statutory language of Code § 18.2-108 that the Commonwealth is not entitled to substitute the legal fiction that larceny is a continuing offense for proof that the criminal offense for which the accused stands charged occurred in the jurisdiction in which the accused is prosecuted. Code § 18.2-108 provides that receipt of stolen property may be "deemed" larceny. This provision serves the purposes of defining the parameters of punishment and allowing a conviction for receipt of stolen property "although the principal offender be not convicted." Code § 18.2-108; *see also* John L. Costello, *Virginia Criminal Law and Procedure* § 10.8-2 (1991).[1] The knowing receipt of stolen property is a criminal act that is committed against the owner of the property. It is also an offense separate and discrete from the theft which originally deprived the owner of property. *Cf.* Code § 19.2-245. Accordingly, the Commonwealth must prove some actual connection between the accused's possession or receipt of the property and the jurisdiction of the trial court in which the accused is prosecuted.

---

[1] Although Davis was indicted under Code § 18.2-95 and Code § 18.2-108 and was ultimately convicted under Code § 18.2-96 (petit larceny), the Commonwealth's proof established only that he received and possessed the stolen property. However, since the " 'general statute . . . brings in the lesser included offense of receiving stolen property,' " this will not change the result of our analysis. *Roberts v. Commonwealth*, 230 Va. 264, 267, 337 S.E.2d 255, 257 (1985); *Cabbler v. Commonwealth*, 212 Va. 520, 523, 184 S.E.2d 781, 783 (1971), *cert. denied*, 405 U.S. 1073 (1972).

Even though larceny is a continuing offense and the offense of receiving stolen property is deemed larceny, an accused who receives stolen property knowing it to be stolen may be tried only in those jurisdictions in which the accused is guilty of trespassing against the owner's property right. That offense can only occur in the place where the accused received the property or possessed it. The fiction of larceny as a continuing offense does not create venue where the offense for which the accused is prosecuted occurred outside the jurisdiction of the trial court.

"[T]he record is utterly insufficient to prove that the defendant received, or even possessed, the [stolen property] within the bounds of the trial court's jurisdiction." *Pollard*, 220 Va. at 726, 261 S.E.2d at 330. While the evidence shows the pistol was stolen from a shop in South Boston, Davis was not accused of actually stealing the gun. Although the pistol was recovered in South Boston, the pistol was not in Davis' possession when it was recovered. No evidence proved that Davis received or possessed the gun within South Boston or within the jurisdiction of the trial court.

For these reasons, we reverse the conviction. We do not dismiss the indictment because this error is not the result of evidentiary insufficiency with respect to Davis' guilt or innocence. *See Pollard*, 220 Va. at 726, 261 S.E.2d at 330. This case is remanded for further proceedings if the Commonwealth be so advised.

*Reversed and remanded.*

Barrow, J., and Duff, J., concurred.