BUMGARDNER, Judge,
dissenting.
I dissent from the holding that proof of embezzlement does not support conviction under an indictment alleging larceny. The panel opinion in this case reached that conclusion by analyzing the 1994 amendments to Code § 18.2-111.[3] The en banc opinion now grafts a constitutional dimension to the holding. The ruling changes substantive and procedural law that has been settled for more than a hundred years. I believe it is neither wise nor necessary to conclude the legislature intended such an extensive change to result from the revision of just one of many types of criminal or fraudulent conversions that form the body of law defining theft.
At common law, larceny was the only theft crime, but it required a taking from the possession of another. Crimes such as embezzlement and false pretenses developed to fill the gaps caused by the intricacies of proving possession in larceny prosecutions. See Roger D. Groot, Criminal Offenses and Defenses in Virginia § 185, 329 (4th ed.1998). As in the present case, various forms of theft were “so much alike in many respects ... [that they were] often separated by lines so indistinct, and almost imaginary....” Anable v. Commonwealth, 65 Va. (24 Gratt.) 563, 580 (1873). The General Assembly in 1847-48 enacted a revised Criminal Code that declared that any person who receives stolen property, embezzles property, or obtains it by false pretenses “shall be *548 deemed guilty of larceny thereof.” 1847-48 Va. Acts. The purpose was “to end this evil [the difficulty of determining the particular form of theft] by making all these crimes larceny” Anable, 65 Va. (24 Gratt.) at 580.
Beginning with Dowdy v. Commonwealth, 50 Va. (9 Gratt.) 727, 734 (1852), an unbroken line of cases held that proof of one of the “special counts” sustained an indictment charging common law larceny. The Anable case rejected the argument that the wording of those statutes, “shall be deemed guilty of larceny thereof,” only fixed punishment. 65 Va. (24 Gratt.) at 566, 580-82. Pitsnogle v. Commonwealth, 91 Va. 808, 811, 22 S.E. 351, 352 (1895), specifically applied the principle to embezzlement, and ever since, “upon the indictment for larceny, proof of embezzlement is sufficient to sustain the charge.”
The 1919 revisions to the embezzlement statute remained in effect until 1994. The revisors’ note explained with precision the purpose of the modifications:
Two important changes have been made in this section.
Near the beginning of it the word “property” has been changed to “personal property, tangible or intangible.” This change makes the decision in Pitsnogle v. Com., 91 Va. at 810, 22 S.E. 351, statutory in plain terms.
As to the second change, in view of the fact that upon an indictment for larceny the proof may show simple larceny, embezzlement, obtaining goods by false pretenses, or fraudulent removal of goods which have been levied on, etc., the revisors have considered it wise to add the provision found in the last sentence of the section.
Va.Code Ann. § 4451, 1823-24 (1919). Those notes make clear that the revisors conformed the embezzlement statute to the case law that culminated in Pitsnogle, and inserted an election procedure into the embezzlement statute intended to apply to all larceny indictments.
While wording of the embezzlement statute did not change materially until 1994, related areas of the law did change.[4] *549 Henderson v. Commonwealth, 215 Va. 811, 814, 213 S.E.2d 782, 784 (1975), suggested the election provision only applied to embezzlement cases. Beginning in 1975, a statutory procedure authorized bills of particulars for any felony indictment. 1975 Va. Acts, ch. 495. A circuit court had statutory authority to order a bill of particulars upon motion made at least seven days before trial. Code § 19.2-230.[5]
The 1994 amendment[6] to Code § 18.2-111 deleted words and phrases from the first sentence, and after specifying the proscribed acts, concluded with the phrase “guilty of embezzlement.” Previously the statute declared any person committing those acts was “guilty of larceny thereof.” It also deleted two phrases from that sentence that had declared the defendant “may be indicted as for larceny” and proof of embezzlement was “sufficient to sustain the charge.” The amendment deleted completely the second sentence of the statute that had *550 defined the election procedure. It added a concluding sentence: “Embezzlement shall be deemed larceny and upon conviction thereof, the person shall be punished as provided in § 18.2-95 or § 18.2-96.”
The most apparent purpose of the 1994 amendment to the embezzlement statute was to remove all reference to the election procedure so the statute conformed to general criminal procedure. A motion for a bill of particulars, Code § 19.2-230, now provided a remedy for ascertaining the specifics of a charge. The newer remedy appeared in Title 19.2 with other criminal procedure statutes addressing the form and prerequisites of indictments. It was not submerged in a substantive statute that defined a single crime but bore a procedural rule of general application. The newer remedy clearly applied to any felony. With the election procedure removed, the embezzlement statute conformed to the newer procedure for bills of particulars, and inconsistent deadlines for making the request no longer posed a conflict.
Conforming the embezzlement statute to the general provisions for a bill of particulars in criminal cases is the plainly manifested purpose for the 1994 amendment. However, if the statute is viewed simply as it read before and after the changes in wording, the purpose is susceptible to a broad interpretation. Deleting the language “may be indicted as for larceny” and “shall be sufficient to sustain the charge” permits the elementary conclusion that the purpose was to accomplish the opposite. The majority adopts that approach and concludes the General Assembly intended to preclude proof of embezzlement to sustain a larceny charge.
Before accepting that conclusion, it should be gauged to see if it comports with the overall body of theft law. It does not because it makes the rule for embezzlement an aberration. Embezzlement law has always conformed to the related theft crimes which the majority calls a “subset of larceny.”
The clauses, “may be indicted as for larceny” and “shall be sufficient to sustain the charge,” were inserted into the embezzlement statute to make plain that the 1919 revisions did not *551 change case law. They insured conformity with established case law. Va.Code Ann. § 18.2-111 (1994); Va.Code Ann. § 4451 (1919). Established law permitted proof of embezzlement to sustain a larceny charge. Pitsnogle, 91 Va. at 811, 22 S.E. at 352. The 1919 revisions did not change the law; they took care to maintain the uniform principle that applied to all offenses deemed larceny. Removal of the clauses would not call for reversal of the principle because those clauses did not create it. The case law had; it remained unchanged.
Changing the last words of the first sentence from “guilty of larceny,” to “guilty of embezzlement,” is not a material change because the very next phrase declares that embezzlement is larceny. The core of the amended statute declares, “he shall be guilty of embezzlement. Embezzlement shall be deemed larceny....” That nuclear phrase equates embezzlement with larceny.
“Deem” is a term often used in legislation to create the legal fiction that something is that which it is not, or that something is not that which it is. A Dictionary of Modern Legal Usage 254 (Byran A. Garner ed., 2d ed.1995); Black’s Law Dictionary 425 (7th ed.1999). The term was employed in 1847 to make certain theft crimes common law larceny “just as if the offender had feloniously stolen, taken and carried away the subject thus obtained by a false pretence or token.” Dull v. Commonwealth, 66 Va. (25 Gratt.) 965, 981 (1875). The use of the term in 1994 continued the fiction that embezzlement was larceny. The term “deemed” incorporated the meanings that case law attached to the fiction and ensured consistency among the various theft statutes.[7]
*552 The majority concludes the only purpose for words “deemed larceny” is to fix punishment, which ironically is the construction that has been rejected since 1852. See Dowdy, 50 Va. (9 Gratt.) at 734. It dismisses the traditional construction by saying the phrase must be construed “within the remainder of the sentence.” Because the second clause pertains to penalty, the first clause is so limited.
Even when focusing on that single sentence, the interpretation is not convincing. The compound sentence makes two independent statements. “Embezzlement shall be deemed larceny and upon conviction thereof, the person shall be punished as provided in § 18.2-95 or § 18.2-96.” Code § 18.2-111. The first states embezzlement is deemed larceny; the second states the penalty. If the first statement only serves to fix the penalty, there is no purpose for the second.
The majority relies on Davis v. Commonwealth, 14 Va.App. 709, 713, 419 S.E.2d 285, 288 (1992), for authority that “ ‘deemed’ larceny, ‘serves the purposes of defining the parameters of punishment.’ ” Davis was not an embezzlement case; it involved receiving stolen property. The quote is dicta. No authority ever held that “deeming” receipt of stolen property larceny only defined punishment. Indeed, that is the particular statute that Dowdy interpreted when it initiated the principle. Davis did not address the issue and certainly did not address the Pitsnogle case that held the exact opposite. Davis was decided two years before the 1994 amendment even permitted the suggestion that the revision overruled Pitsnogle.
When the legislature has created the legal fiction that a theft crime is larceny, case law has uniformly held the purpose *553 is not limited to incorporating the penalty for larceny. It permitted indictment for larceny but proof of a specific form.[8] The majority concludes that holding no longer applies to embezzlement because Pitsnogle was determined by the statute then in effect.
In the Pitsnogle line of cases, the statute always stated that if a person did certain acts “he shall be deemed guilty of larceny.” The words “deemed larceny” that appear in the current statute carry the same meaning as “deemed guilty of larceny” that appeared previously. Indeed, the second case to rule on the meaning of the clause “deemed guilty of larceny” interchanged the phrases and concluded that it was proper to charge specific facts “which the act declares shall be deemed larceny.” Leftwich v. Commonwealth, 61 Va. (20 Gratt.) 716, 719 (1870).
Pitsnogle did not interpret the particular words “deemed guilty of larceny.” It noted the wording of the embezzlement statute was identical to the wording of the statutes for receiving stolen property and false pretenses. Accordingly, the principle that applied to those statutes must apply to the embezzlement statute. However, the case that established the principle, Dowdy, 50 Va. (9 Gratt.) at 734 (Moncure, J.), did not parse the particular wording of the statute. It reached its conclusion by deducing the overall purpose of the General Assembly when it employed the fiction that acts not larceny were to be larceny.
Judge Moncure, the author of the Dowdy opinion, explained in a sequel:
Larceny at common law always includes a trespass, and implies that the property was taken invito domino. The other offences named did not include a trespass, and were often committed by the consent of the owner, though fraud *554 ulently obtained. The statute merely abolishes these distinctive features, and declares that the offenders shall be deemed guilty of stealing, taking and carrying away the property.
Anable, 65 Va. (24 Gratt.) at 581 (Moncure, P., concurring on this point, dissenting from result). The decision in Dowdy did not turn on the employment of the word “guilty.”
The majority relies on Baker v. Commonwealth, 225 Va. 192, 300 S.E.2d 788 (1983), to insert a constitutional buttress to its holding. Baker did not deal with the proposition that an indictment for larceny gave inadequate notice that the charge involved embezzlement. The indictment charged larceny, but at trial the Commonwealth offered an instruction on false pretenses only. The instruction omitted the unique element of the crime, that title must pass. No evidence indicated the defendant obtained title. Baker dealt with an erroneous finding instruction that failed to require proof of the essential element of the crime. “However, to obtain a larceny conviction upon a larceny indictment when the proof shows a crime other than common law larceny, the Commonwealth must fully prove that other crime.” Groot, supra at 330 (citing Anable, 65 Va. (24 Gratt.) at 567-68). Baker did not consider, much less distinguish, modify, or limit, the Pitsnogle holding.
The embezzlement statute is but one of a group of statutes that address various forms of theft. The General Assembly has employed the fiction that various forms of theft are deemed larceny. The 1994 amendment modified only one of a group of statutes. That one was also the one statute that contained a procedure applicable to the others.
The adoption of the Criminal Code in 1847 was an early attempt to consolidate[9] the law of theft and to eliminate the “indistinct,” “almost imaginary” differences in what “all amount to a criminal and fraudulent conversion by one man to *555 his own use of another man’s property.” Anable, 65 Va. (24 Gratt.) at 580-81 (Moncure, P., dissenting). The majority’s interpretation severs embezzlement from its traditional association with the law of theft and makes it unique. It returns embezzlement to the arcane subtleties of possession, custody, and title.
The majority’s holding impresses on the embezzlement statute an interpretation that was rejected in Pitsnogle: deeming embezzlement larceny has no purpose but to define punishment. It adopts a constitutional ruling that repudiates the ruling and explanation in Anable.[10] Unintended consequences are likely to follow from such a far reaching ruling. Will the constitutional analysis that a larceny indictment gives inadequate notice apply to all larceny indictments? Will intertwined laws such as the recidivist statute, Code § 18.2-104, apply differently? Dull, 66 Va. (25 Gratt.) at 965, 982, interpreted the old wording “deemed guilty” to apply the substantive gradations of petit larceny and grand larceny to other theft offenses. Will the embezzlement statute now lack a definition but contain a graded penalty? At its latest session, the General Assembly enacted Code § 38.2-1810 which mandates a report of “any act of larceny as prescribed in § 18.2-111.”[11] Does the majority holding effectively eviscerate this *556 act though the words illustrate that the General Assembly still considers the fiction of “deemed larceny” to carry its traditional meaning?
Nothing suggests, much less plainly manifests, the General Assembly intended the major change that the majority attributes to it. I would interpret the 1994 amendment' narrowly as a housekeeping update that adjusted for developments after 1919 but that did not make embezzlement an anomaly. Accordingly, I dissent.

. Code § 18.2-111 now reads:
If any person wrongfully and fraudulently ... embezzle any ... personal property ... he shall be guilty of embezzlement. Embezzlement shall be deemed larceny and upon conviction thereof, the person shall be punished as provided in § 18.2-95 or § 18.2-96.

. Branch v. Commonwealth, 184 Va. 394, 35 S.E.2d 593 (1945), held that receiving stolen property was a lesser-included offense of larceny.

. The election provision in Code § 18.2-111 required a demand five days before trial.

. In 1994, the General Assembly provided:
Be it enacted by the General Assembly of Virginia:
1. That § 18.2-111 of the Code of Virginia is amended and reenacted as follows:
§ 18.2-111. Embezzlement deemed larceny; indictment; statement from attorney for the Commonwealth.
If any person wrongfully and fraudulently use, dispose of, conceal or embezzle any money, bill, note, check, order, draft, bond, receipt, bill of lading or any other personal property, tangible or intangible which he shall have received for another or for his employer, principal or bailor, or by virtue of his office, trust, or employment, or which shall have been entrusted or delivered to him by another or by any court, corporation, or company, he shall be deemed guilty of larceny thereof, may be indicted as for-larceny^-and proof of embezzlement under this-section shall be sufficient to-sustain--the-eharge. On the trial of ever)' indictment for — larceny, however, the defendant, if-he demands it, shall be entitled -to a statement-in writing from the attorney for the Commonwealth designating the statute he inteeds-to roly upon to ask for conviction. Such statement shall be furnished to the defendant, or his-attomey, no later than five days-prior to the date fixed for-trial on the-indictment provided-the demand is made more than five days prior-to such date. Embezzlement shall be deemed larceny and upon conviction thereof, the person shall be punished as provided in § 18.2-95 or § 18.2-96.
Va.Code Ann. § 18.2-111 (1994).

. The legal fiction of deeming acts of theft to be larceny is common throughout the Code. Acts "deemed guilty of larceny” include: § 6.1-333, Removing property from a safe-deposit box by a co-lessee; § 18.2-98, Larceny of checks; § 18.2-108, Receiving stolen goods; § 18.2-111.1, Conversion of military property by person discharged from the national guard; § 18.2-114, Conversion by shippers and warehouse-men; § 18.2-114.1, Failure to account by special receivers; § 18.2-117, Failure of bailee to return property; § 18.2-178, Obtaining property by false pretenses; § 42.1-73, Concealment or removal of books *552 from a library; § 63.1-124, False statements to obtain welfare benefits; and § 63.1-124.1, Unauthorized use of food stamps.
Sometimes the statute employs the phrase "deemed guilty of the larceny”: § 18.2-101, Selling of goods distrained or levied upon; § 18.2-115, Conversion or removal of property subject to lien; § 18.2— 116, Failure to pay for or return goods delivered for selection or approval; § 18.2-118, Conversion or removal of leased property; § 18.2-200, Failure to deliver a crop in return for advances; and § 18.2-200.1, Failure to perform construction in return for advances.

. The legislature continued to designate various theft crimes as "deemed larceny” as late as 1977 and 1978. See Code § 18.2-111.1, Conversion of military property by person discharged from the national guard; Code § 18.2-114.1, Failure to account hy special receivers.

. Many states have moved to consolidate their body of law into a unitary theft crime. See John Wesley Bartram, Note, Pleading for Theft Consolidation in Virginia: Larceny, Embezzlement, False Pretenses and 19.2-284, 56 Wash. & Lee L.Rev. 249, 251 n. 23 (1999).

. In Anable, 65 Va. (24 Gratt.) at 580-81, Moncure, P. explained:
There was nothing incongruous in this, nor is there any danger, as the learned counsel for the accused in this case seems to suppose, that it may take the accused by surprise.
The offences are all cognate. They are all offences against property, and property of which larceny may be committed. They differ only in a few circumstantial details, immaterial in a moral point of view. They all amount to a criminal and fraudulent conversion by one man to his own use of another man’s property----There is no danger of surprise. When A is charged with stealing certain property of B, the substance of the charge is the fraudulent conversion of that property by the former to his own use, and whether it was done by means of a larceny at common law, or by receiving the property knowing it to have been stolen, or by obtaining it by false pretences, or by embezzling it after having been entrusted by the owner with its custody, can make no difference in regard to taking the accused by surprise.

. Code § 38.2-1810, Report of acts deemed larceny under § 18.2-111, provides in part:
*556 A. Whenever any insurer ... knows ... any licensee ... has committed any act of larceny as prescribed in § 18.2-111 ... it shall be the duty of the insurer ... to file with the Commission a complete statement of the relevant facts and circumstances.
B. Whenever any insurer licensed to transact the business of title insurance ... knows ... any title insurance agent ... has committed any act of larceny as prescribed in § 18.2-111 ... it shall be the duty of the insurer ... to file with the Commission a complete statement of the relevant facts and circumstances.