COURT OF APPEALS OF VIRGINIA

Present:   Judges Kelsey, Alston and Senior Judge Annunziata
Argued at Richmond, Virginia


JAMAR ANTHONY WILLIAMS

                                                MEMORANDUM OPINION[*] BY
v.        Record No. 1682-11-2            JUDGE ROSEMARIE ANNUNZIATA
                                                    JULY 17, 2012
COMMONWEALTH OF VIRGINIA



          FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                    William R. Shelton, Judge Designate

          Keith A. Jones (Jones Law Group, P.C., on brief), for appellant.

          Benjamin H. Katz, Assistant Attorney General (Kenneth T.
          Cuccinelli, II, Attorney General, on brief), for appellee.


        Jamar Anthony Williams, appellant, was convicted, in a bench trial, of grand larceny of a

rental vehicle belonging to Enterprise Rent a Car.  Appellant contends the trial court erred by

finding the evidence sufficient to prove beyond a reasonable doubt that he was the criminal agent

who stole the vehicle.  Appellant also argues Chesterfield County was not the proper venue in

which to try the case because the Commonwealth failed to prove he possessed the vehicle within the

county.  We disagree.  Accordingly, the judgment of the trial court is affirmed.

              "On appeal, we review the evidence in the light most favorable to
              the Commonwealth, granting to it all reasonable inferences fairly
              deducible therefrom."  This Court does not substitute its judgment
              for that of the trier of fact.  Instead, the trial court's judgment will
              not be set aside unless it appears that it is plainly wrong or without
              supporting evidence.

Winston v. Commonwealth, 26 Va. App. 746, 755, 497 S.E.2d 141, 146 (1998) (citations omitted).

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Viewed in this light, the evidence adduced at trial showed that Dawn Scott rented a vehicle from Enterprise Rent a Car. She last saw the vehicle on August 7, 2011, just prior to the telecast of the evening news, around 5:00 p.m. to 6:00 p.m. On August 8, 2011, at approximately 4:30 a.m., Virginia Capitol Police Officer Michael Flick observed a vehicle speeding in downtown Richmond. Flick witnessed the car "break traction" and turn without signaling. Flick followed the vehicle and executed a lawful traffic stop. He confirmed the keys were in the vehicle and found appellant behind the wheel. Three passengers also occupied the vehicle. Appellant informed Flick he did not have a driver's license, but did not disclose it had been suspended, a fact Flick later learned. Flick determined that none of the passengers were licensed and that the vehicle was a rental car owned by Enterprise. Appellant could not produce the rental agreement and told Flick that his uncle had given him permission to drive the car. However, appellant did not give Flick his uncle's identifying information, such as his name, address or phone number. Nor was appellant able to reach his uncle by telephone despite numerous attempts to do so. Flick issued appellant a summons and notified Enterprise the car was being towed and impounded. Enterprise called Scott who alerted the Virginia Capitol Police that the car had been stolen from her.

At trial, appellant admitted he had been previously convicted of a felony and misdemeanor crimes involving moral turpitude, including larceny. He also admitted he had lied to the police about his uncle's ownership of the car in an effort to keep the car from being towed. He explained that he first encountered the car in question as he walked down the street and saw the car drive by. According to appellant, the driver was a friend of his cousin. He further explained that he asked, and the driver agreed, to give him a ride to his cousin's house where appellant and the other occupants of the vehicle remained "for a while" drinking alcohol. According to appellant, the group, including appellant, left the house together, driving in the same car, with the former driver

behind the wheel. Appellant testified that, after traveling some distance, he told the driver to stop and let him drive because the driver was driving erratically.

Scott testified she did not know appellant and did not give him permission to drive the car. She also recounted that around 2:00 p.m. to 3:00 p.m. in the afternoon of August 7, 2011, she encountered a stranger in her residence who left after stating he was in the wrong house. Scott stated the intruder was not appellant. An Enterprise employee confirmed that Scott rented the car and placed its value at over $200.

Appellant was convicted of grand larceny in a bench trial and was sentenced to ten years in prison with eight years and six months suspended. This appeal followed.

Analysis

Larceny, a common law crime, is the wrongful or fraudulent taking of another's property without his permission and with the intent to deprive the owner of that property permanently. Under Code § 18.2-95, grand larceny includes the taking, not from the person of another, of goods that have a value of $200 or more.

A conviction of larceny requires proof beyond a reasonable doubt of the defendant's intent to steal, which must accompany his taking of the property. The element of criminal intent may, and often must, be inferred from the facts and circumstances of the case, including the actions of the defendant and any statements made by him.

Tarpley v. Commonwealth, 261 Va. 251, 256, 542 S.E.2d 761, 763-64 (2001) (citations omitted).

Appellant contends his conviction should be reversed on the ground that the Commonwealth's proof lacked direct evidence proving that he stole the rental vehicle. Appellant essentially raises a challenge to the sufficiency of the evidence. The argument he makes is without merit. It ignores the credibility determinations that the court necessarily reached in support of the conviction. See Commonwealth v. McNeal, 282 Va. 16, 22, 710 S.E.2d 733, 736 (2011) (The trier of fact has the sole responsibility to determine the credibility of witnesses, the weight to be given to their testimony, and the inferences to be drawn.); see also Dickerson v.

Commonwealth, 36 Va. App. 8, 14, 548 S.E.2d 230, 233 (2001) ("the credibility of . . . testimony rested exclusively within the province of the fact finder, and we will not substitute our judgment for the court's determination with regard to the credibility of witnesses").  The argument also fails to consider the competency of circumstantial evidence to establish guilt beyond a reasonable doubt.  "'Circumstantial evidence is as acceptable to prove guilt as direct evidence, and in some cases, such as proof of intent or knowledge, it is practically the *only* method of proof.'"  Austin v. Commonwealth, 60 Va. App. 60, 66-67, 723 S.E.2d 633, 636 (2012) (citation omitted).

In reviewing a challenge to the sufficiency of the evidence on appeal, this Court "must examine the evidence that supports the conviction and allow the conviction to stand unless it is plainly wrong or without evidence to support it."  Vincent v. Commonwealth, 276 Va. 648, 652, 668 S.E.2d 137, 139-40 (2008) (citing Code § 8.01-680; Commonwealth v. Jenkins, 255 Va. 516, 520, 499 S.E.2d 263, 265 (1998)).  The Court reviews "'the evidence in the light most favorable to the Commonwealth, the prevailing party in the [trial] court' and 'accord[s] the Commonwealth the benefit of all reasonable inferences deducible from the evidence.'"  Noakes v. Commonwealth, 280 Va. 338, 345, 699 S.E.2d 284, 288 (2010) (citation omitted).  "If there is evidence to support the conviction, the reviewing court is not permitted to substitute its judgment, even if its view of the evidence might differ from the conclusions reached by the finder of fact at the trial."  Commonwealth v. Taylor, 256 Va. 514, 518, 506 S.E.2d 312, 314 (1998) (citation omitted).  The question is whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis omitted); accord Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008).

We conclude the evidence supports the conviction beyond a reasonable doubt. Appellant's explanations regarding his possession of the vehicle and his denials regarding the theft were not credited by the trial court. "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998). "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). Appellant conceded his explanation to the police officer was a lie. Aside from the intrinsic weakness of the explanation, appellant was unable to provide any contact information identifying his purported uncle. Appellant's repeated unsuccessful attempts to telephone his uncle could reasonably be viewed by the trier of fact as a subterfuge to hide his guilt. Further, the explanation he gave at trial to justify the lie to the police was, by inference, rejected by the trial court. In summary, the trial court found wanting and unworthy of belief that appellant solicited a ride from people he did not know, who then drove him to his cousin's home where he spent hours with the unidentified and unnamed individuals, and that he made no attempt to learn their identity, but who nevertheless provided him access to the car. Coupling these circumstances together with appellant's prior convictions, both felonious and involving moral turpitude, the trial court reasonably rejected appellant's testimony.

Having concluded that the trial court reasonably rejected appellant's testimony, we consider the circumstantial evidence in support of a conviction for grand larceny. "Larceny is the wrongful taking of the goods of another without the owner's consent and with the intention to permanently deprive the owner of possession of the goods." Bright v. Commonwealth, 4 Va. App. 248, 251, 356 S.E.2d 443, 444 (1987) (citation omitted). "It is well established that '[o]nce the [larceny] is

established, the unexplained possession of recently stolen goods permits an inference of larceny by the possessor.' For the 'larceny inference' to arise, the Commonwealth must establish that the accused was in exclusive possession of *recently* stolen property." Winston, 26 Va. App. at 757, 497 S.E.2d at 147 (citation omitted).

The evidence established that Scott last saw the rental car between 5:00 p.m. and 6:00 p.m. on August 7, 2011. Appellant was driving the vehicle, with the keys, claiming a possessory interest in the car, less than twelve hours later. Although appellant attempted to explain his possession of the car, the trial court reasonably rejected appellant's testimony. Thus, appellant's recent, exclusive possession of the stolen vehicle, taken together with the false explanation, was sufficient "to justify the inference that he was the thief," id., and supported the conviction of grand larceny. See Bright, 4 Va. App. at 251, 356 S.E.2d at 444 (recent exclusive possession and false explanation supported petit larceny conviction).

Appellant argues, however, that the Commonwealth's evidence did not exclude the reasonable hypothesis that the intruder in Scott's home earlier in the day was the thief. Appellant's reliance on this proffered hypothesis of innocence is unavailing, and we conclude the trial court did not err in rejecting it. "Whether an alternative hypothesis of innocence is reasonable is a question of fact, and, therefore, is binding on appeal unless plainly wrong." Archer v. Commonwealth, 26 Va. App. 1, 12-13, 492 S.E.2d 826, 832 (1997) (citation omitted). Thus, "the question is not whether 'some evidence' supports the hypothesis, but whether a rational factfinder could have found the incriminating evidence renders the hypothesis of innocence unreasonable." James v. Commonwealth, 53 Va. App. 671, 682, 674 S.E.2d 571, 577 (2009) (citation omitted). The intruder entered Scott's home hours prior to the last time she saw the vehicle. Appellant had the keys and was driving the car not twelve hours later. A series of lies constituted appellant's explanation for his possession of the vehicle. Thus, the evidence does not support the hypothesis of

innocence advanced by appellant and the trial court could reasonably reject it. "'Merely because defendant's theory of the case differs from that taken by the Commonwealth does not mean that every reasonable hypothesis consistent with his innocence has not been excluded.'" Clanton v. Commonwealth, 53 Va. App. 561, 573, 673 S.E.2d 904, 910 (2009) (*en banc*) (quoting Miles v. Commonwealth, 205 Va. 462, 467, 138 S.E.2d 22, 27 (1964)). The trial court's determination is not plainly wrong and is binding on appeal.

Finally, appellant claims that the evidence did not show that appellant possessed the vehicle in Chesterfield County, and, thus, the county was not the proper venue to prosecute the case.

> Proof of venue "'is not a part of the crime.'" Thus, the prosecution need not "prove where the crime occurred beyond a reasonable doubt, since venue is not a substantive element of a crime." [I]t is enough that the evidence, direct or circumstantial, raises a ""'"strong presumption""'" that the crime occurred within the territorial jurisdiction of the court.

Morris v. Commonwealth, 51 Va. App. 459, 469, 658 S.E.2d 708, 712-13 (2008) (citations omitted). "Venue, while important to the orderly conduct of litigation, is not a matter affecting the merits of the trial." Gheorghiu v. Commonwealth, 280 Va. 678, 689, 701 S.E.2d 407, 413-14 (2010) (citing Randall v. Commonwealth, 183 Va. 182, 187, 31 S.E.2d 571, 573 (1944)).

Appellant was not charged with, nor convicted of, receiving stolen property. If he had been charged with receiving stolen property, venue would be where he was found to be in possession of the stolen goods. See Davis v. Commonwealth, 14 Va. App. 709, 712-14, 419 S.E.2d 285, 287-88 (1992). Instead, appellant was indicted for and convicted of grand larceny. Appellant's recent unexplained possession of the vehicle gave rise to the inference that he was the criminal agent of the theft. The evidence proved that Scott last saw the vehicle outside of her Chesterfield County residence and it was from there the car was stolen. Thus, the Commonwealth presented sufficient evidence that the crime occurred within the territorial jurisdiction of the trial court and venue was proper in Chesterfield County.

Therefore, the Commonwealth tried the case in the appropriate venue and the evidence was sufficient beyond a reasonable doubt to support the conviction of grand larceny.  Accordingly, we affirm the grand larceny conviction.

<u>Affirmed.</u>